## Chiz & Dot's, Inc. Liquor License Case.

Argued November 16, 1967.   Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Charles M. Marshall,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant At-

torney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Leonard J. Bucki,* with him *S. David Litman,* for appellee.

OPINION BY WATKINS, J., December 14, 1967:

This is an appeal by the Pennsylvania Liquor Control Board from the order of the County Court of Allegheny County reversing the order of the Board suspending the license issued to Chiz & Dot's, Inc., the appellee, for a period of twenty days.

The court below found as a fact that the licensee by its servants, agents or employes did sell and serve alcoholic beverages to minors on January 8, 1966. The court further found that the board's investigation was completed by its agents on February 28, 1966; that the citation was approved and executed on April 19, 1966 but that no notice of the nature of or date of the alleged violation was sent or given to the licensee until after June 1, 1966.

At the time of this violation the Board was required to send notice to the licensee within one year of the date of the violation. The notice given was well within the one year provision.

The question before us is one of law that involves the interpretation of an amendment to the Liquor Code, 1951, April 12, P. L. 90, Art. IV, §471, as amended 1961, September 15, P. L. 1325, §1; 1966, January 13, P. L. (1965) 1301, §2 (47 PS 4-471). The pertinent part reads as follows: "No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten

days of the completion of the investigation which in no event shall exceed ninety days."

The court below held that as it was a procedural change it was effective retroactively and that the ten-day notice was required in the instant case or at least ten days notice from the effective date of the Act which was March 14, 1966. We agree with the Board that most certainly giving ten days from the effective date of the Act would not be in compliance with the legislative enactment which requires the notice to be subsequent to the completion of the investigation, which, in this case, is admitted to be February 28, 1966.

We have already discussed the effect of this amendment on the administration of the Act in *Loyal Order of Moose, St. Marys Lodge No. 146 Liquor License Case*, 210 Pa. Superior Ct. 464, 234 A. 2d 25 (1967). "This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, *and all of the provisions of this act shall be liberally construed for the accomplishment of this* purpose . . .". (Emphasis supplied) Liquor Code, supra, 47 PS 1-104. As this Court said in *Summit Hill R. & G. Club Liquor Lic. Case*, 184 Pa. Superior Ct. 584, 586, 135 A. 2d 781 (1957), "The proceedings before the board are civil and administrative and not criminal in nature."

The difficulties that confront the enforcement division of the Liquor Control Board should not be made insurmountable by technical interpretation and the application of strict construction to procedural matters, when the Act, by its very nature, must have a liberal construction if the regulation of this business is to prove successful.

Hundreds of violations were pending at the time of the adoption of the new amendment as to notice and

if applied retroactively hundreds of violators will go scot free, to the detriment of the people of the Commonwealth, for whose protection the regulations were created. Prior to this amendment the Board had a period of one year for notice while under the new amendment the time was fixed at ten days after the completion of the investigation but not to exceed ninety days. In the instant case the licensee had been found by the court to have sold to minors, one of the most serious violations of the Code but will receive no penalty because of the retroactive interpretation of the amendment. "Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act." *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 166, 110 A. 731 (1920); *Pa. P. & L. Co. v. Public Service Commission*, 128 Pa. Superior Ct. 195, 200, 193 A. 427 (1937).

The order of the County Court of Allegheny County is reversed and the order of the Liquor Control Board is reinstated.