509 A.2d 377

Eleanor BRUNDA, Administratrix of the Estate of Francis J. Brunda, Deceased; and all others similarly situated, Appellant,

v.

HOME INSURANCE COMPANY, Appellee.

Blair and Julia CUNNINGHAM, Administrators of the Estate of Kathleen B. Cunningham, Deceased; and all others similarly situated, Appellants,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 16, 1985.

Filed May 12, 1986.

Petition for Allowance of Appeal Granted Oct. 30, 1986.

148

Richard C. Angino, Harrisburg, for appellants.

Jeffrey B. Rettig, Harrisburg, for appellee (at 174).

Carl A. Solano, Philadelphia, for appellee (at 175).

Before WIEAND, OLSZEWSKI and WATKINS, JJ.

WIEAND, Judge:

This is a consolidated appeal from orders of the trial court which revoked class certifications previously entered in *Brunda v. Home Insurance Co.*, No. 1141–S–1984 (Dauphin Cty.) and *Cunningham v. Insurance Company of North America*, No. 995–S–1984 (Dauphin Cty.). These actions had sought recovery of post-mortem work loss benefits under Pennsylvania's No-fault Motor Vehicle Insurance Act.[1] The representative plaintiffs in both cases also appealed from judgments dismissing their individual claims on grounds that they were barred by the applicable statute of limitations.

Francis J. Brunda died in an automobile accident on August 15, 1976. At the time of the accident, he was insured by a policy of no-fault insurance which had been written by Home Insurance Company (Home). Home denied the demand by Brunda's wife for work loss benefits. Consequently, on April 13, 1984, Eleanor Brunda commenced a class action against Home to recover work loss benefits on behalf of her deceased husband's estate and also on behalf of the estates of all insureds of Home who had died in auto accidents following enactment of the No-fault Act.

Kathleen Cunningham was the daughter of Blair and Julia Cunningham, who are the appellants at No. 175 Harrisburg, 1985. She died as a result of a motor vehicle accident on January 26, 1979,[2] when the car she had been

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., *repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

2. Although both parties are agreed that the decedent died on January 26, 1979, there is some confusion as to whether the date of the accident was the 25th or 26th of January. The distinction is unimportant for purposes of our analysis.

operating collided with another vehicle. The decedent was covered by a policy of motor vehicle insurance which had been issued by Insurance Company of North America (INA). After INA had refused to pay work loss benefits to the decedent's estate, the Cunninghams filed a class action complaint against INA on March 29, 1984. In it, they sought recovery of work loss benefits on behalf of their daughter's estate and the estates of all other INA insureds who had sustained fatal injuries in auto accidents after 1975 when the No-fault Act went into effect.

In both actions, the insurance companies filed answers to the complaints which alleged, inter alia, that the claims of the representative plaintiffs were barred by the four year statute of limitations contained in the No-fault Act. Later, they moved for summary judgment on this ground. In the meantime, the two estates had filed motions for class certification and also for partial summary judgment on their individual claims. After hearing, the trial court denied appellants' motions for partial summary judgment, but conditionally granted class certification. Although the court determined that the individual claims of appellants were barred by the statute of limitations, it gave appellants' counsel twenty days in which to intervene new class representatives. Failure to substitute new plaintiffs within twenty days, the court warned, would result in decertification of the two classes. Unable to locate an adequate class representative for either action, appellants' counsel served interrogatories on the insurance companies and requests for the production of documents to disclose the identity of each insured who had been killed in an automobile accident. Pending responses to these discovery requests, apellants' counsel petitioned the court for more time in which to intervene proper representative plaintiffs. The court granted the petitions and thereby extended the deadline for substituting new plaintiffs until twenty days after appellants' counsel received the insurance companies' answers to interrogatories. Home and INA, however, filed a joint motion for a protective order. They alleged, inter alia, that

the information sought by appellants, and in particular the identities of potential class members, was beyond the scope of permissible discovery. The trial court granted the motion for a protective order after hearing, but once again it gave appellants' counsel an additional twenty days in which to intervene proper class representatives. Appellants were again cautioned that if after that time no new plaintiffs had been substituted, the classes would be decertified upon motion. The twenty day period expired without intervention in either action. Therefore, Home and INA filed motions for revocation of the prior class certifications. The trial court granted these motions on February 28, 1985 and February 22, 1985.[3] The court also granted INA's previously filed motion for summary judgment. Subsequent motions for reconsideration of the orders decertifying the classes were denied by the trial court. Summary judgment was then entered also in favor of Home Insurance Company and dismissing the Brunda claim. The present appeals followed.

Appellants in both appeals raise the same four issues: (1) whether the trial court erred by entering summary judgments against them on the ground that their individual claims were barred by the statute of limitations; (2) whether the court, by virtue of its finding that their claims were time barred, erroneously determined that they were improper class representatives;[4] (3) whether it was error to grant the insurance companies' joint motion for a protective order prohibiting the discovery of the identities of potential class

3. On the same day that the trial court decertified the *Brunda* action, Brunda, by counsel, filed a motion for hearing on the form and content of notice to be given to the proposed class members. The motion was denied by the trial court. Brunda contends that it was error to refuse a notice hearing. This argument is without merit. As the trial court observed, at the time when the motion was filed the class already had been decertified.

4. The Cunninghams also contend that the trial court erred when it denied two petitions to intervene on the ground that the intervenors would have been improper class plaintiffs. Because we hold that the Cunninghams were proper plaintiffs capable of adequately representing the class defined in their complaint, we do not review the propriety of the court's denial of intervention.

members; and (4) whether the trial court erred by denying their motion for reconsideration of the orders revoking class certification. For the reasons which follow, we vacate the judgment entered against the Cunninghams and reverse the order decertifying their class action. The judgment against Brunda and the order revoking certification of her class action, however, will be affirmed.

"In reviewing summary judgment, the court must accept as true all well-pleaded facts in the non-moving party's pleadings, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom. To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law." *Craddock v. Gross*, 350 Pa.Super. 575, 578, 504 A.2d 1300, 1301 (1986) quoting *Lookenbill v. Garrett*, 340 Pa.Super. 435, 439, 490 A.2d 857, 859 (1985); *Curry v. Estate of Thompson*, 332 Pa.Super. 364, 368, 481 A.2d 658, 659 (1984); *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983). See: Pa.R.C.P. 1035(b). Entry of summary judgment will be reversed where the trial court has abused its discretion or has committed an error of law. *Peters Township School Authority v. United States Fidelity and Guaranty Co.*, 78 Pa.Cmwlth. 365, 370, 467 A.2d 904, 906 (1983).

A claim for post-mortem work loss benefits will remain viable, at the longest, for four years following the occurrence of the fatal accident giving rise to the claim. See: 40 P.S. § 1009.106(c)(1). Here, both claimants filed their actions after this statutorily-mandated time period had expired. The Cunningham action was commenced more than five years after the fatal accident of their daughter; and nearly eight years had elapsed following the death of Mrs. Brunda's husband before she filed her suit. Despite this passage of time, appellants contend that their actions are not time barred. The running of the limitations period, they argue, was suspended during the pendency of two previously filed class actions which also had sought recovery of work loss benefits, and which allegedly had included their

decedents as members of the represented class. See: *Nye v. Erie Insurance Exchange*, No. 5349–S–1979 (Dauphin Cty.); *Seibel v. Allstate Insurance Co.*, No. 653–S–1981 (Dauphin Cty.).

■ We addressed the same argument in *Miller v. Federal Kemper Insurance Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986). We there held that the anti-trust action of *Seibel v. Allstate Insurance Co., supra*, did not toll the statute of limitations for subsequent assumpsit actions, such as those involved in the instant appeals, which seek recovery of work loss benefits. However, we also decided that *Nye v. Erie Insurance Exchange, supra, did* have the effect of suspending the statute of limitations for work loss claims, but only for the members of the class there defined. The class in *Nye* had been defined to include all previously employed insureds who died in auto accidents after November 15, 1977. Thus, appellants in the instant appeals may benefit from the tolling effect of *Nye* only if their decedents fit within the narrow class defined in *Nye*.

■ Kathleen Cunningham, who had been employed as a school teacher prior to her death on January 26, 1979, was clearly included in the class described in *Nye*. As a result, the statute of limitations ceased to run against the Cunninghams' claim on behalf of their daughter's estate for as long as the *Nye* action remained extant, i.e., from its commencement on November 15, 1979 until dismissal by the Pennsylvania Supreme Court on December 30, 1983. See: *Miller v. Federal Kemper Insurance Co., supra*, 352 Pa.Superior Ct. at 586–587, 508 A.2d at 1228. The decedent's fatal injuries had been sustained less than ten months before the commencement of the *Nye* action, and the estate's complaint was filed within three months after *Nye* had been dismissed. Thus, the total amount of untolled time which elapsed against the Cunninghams' claim was approximately a year. Because the No-fault Act provides a minimum of two years in which to bring an action to recover post-mor-

tem work loss benefits,[5] the Cunninghams' claim remained viable at the time they instituted their present action. The trial court's conclusion that the Cunninghams' claim was barred by the statute of limitations, therefore, was error.

■ Unlike the Cunninghams' decedent, Mrs. Brunda's husband, who sustained his fatal injuries on August 15, 1976, does not fit within the class defined in *Nye*. The *Nye* class, as we have observed, was limited to insureds who died after November 15, 1977. Therefore, the statute of limitations continued to run untolled against Brunda's claim for work loss benefits throughout the nearly eight years which elapsed before Eleanor Brunda filed her action. As the trial court correctly concluded, Brunda's claim was time barred.

The trial court's finding that the individual claims of appellants were time barred was the sole basis for its determination that appellants were improper class representatives. The propriety of the court's determination that appellants were improper representatives, therefore, necessarily depends upon the validity of its disposition of appellants' individual claims.

■ As we have already observed, the trial court erred when it concluded that the Cunninghams' claim was barred by the statute of limitations. It follows, therefore, that the removal of the Cunninghams as class representatives on this ground was also error. In the absence of any other reason for questioning the adequacy of the Cunninghams' representation, we reverse the trial court's order decertifying the class action.

■ With respect to the *Brunda* action, we agree with the trial court's determination that Brunda could not act as the representative plaintiff for the class of individuals described in her complaint because her action was time barred. To act as a class representative, a litigant must be

---

5. See: *Guiton v. Pennsylvania National Mutual Insurance Co.*, 503 Pa. 547, 550–551, 469 A.2d 1388, 1389 (1983); *Kamperis v. Nationwide Insurance Co.*, 503 Pa. 536, 541, 469 A.2d 1382, 1384 (1983).

a member of the class which he or she seeks to represent. *Janicik v. Prudential Insurance Co. of America,* 305 Pa.Super. 120, 135, 451 A.2d 451, 458 (1982). The purpose of this threshold requirement is "to ensure due process to absent class members and to satisfy requirements of standing." *Id.,* citing *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532, 542 (1975). A plaintiff who does not have a viable cause of action "is not a member of any putative class and is therefore per se unable to serve as class representative." *Wofford v. Safeway Stores, Inc.,* 78 F.R.D. 460, 477 (N.D.Cal.1978). See: *Pabon v. McIntosh,* 546 F.Supp. 1328, 1333 (E.D.Pa.1982); *Salgado v. Piedmont Capital Corp.,* 534 F.Supp. 938, 953 (D.P.R.1981); *Morgan v. Laborers Pension Trust Fund for Northern California,* 81 F.R.D. 669, 677 (N.D.Cal.1979); *Rossini v. Oglivy & Mather, Inc.,* 80 F.R.D. 131, 134 (S.D.N.Y.1978); *Turner v. First Wisconsin Mortgage Trust,* 454 F.Supp. 899, 908 (E.D.Wis.1978). The reason for this rule is wise. What a plaintiff "may not achieve himself, he may not accomplish as a representative of a class." *Mintz v. Mathers Fund, Inc.,* 463 F.2d 495, 499 (7th Cir.1972). Thus, a plaintiff, such as Brunda, who is without a viable cause of action because she has failed to assert her claim in a timely fashion, cannot qualify as a class representative. *Wiltshire v. Standard Oil Co.,* 447 F.Supp. 756, 757 n. 1 (N.D.Cal. 1978), *aff'd in part, rev'd in part on other grounds,* 652 F.2d 837 (9th Cir.1981), *cert. denied, Standard Oil Co. v. Wiltshire,* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982).

The trial court, having properly discharged Brunda as class representative, nevertheless proceeded to certify Brunda's action conditionally as a class action, even though in Brunda's absence the action was left without a representative plaintiff. Although Pa.R.C.P. 1710(d) gives courts the power to certify class actions conditionally, the Rule does not specify in what circumstances conditional certification will be appropriate. Similarly, our judicial decisions have not offered guidance in this regard. Thus, in order to

determine whether it was proper to certify the *Brunda* action conditionally, we look to federal decisions which have interpreted the federal counterpart to Rule 1710(d) of the Pennsylvania Rules of Civil Procedure.

The Ninth Circuit Court of Appeals, in *In re Hotel Telephone Charges*, 500 F.2d 86, 90 (9th Cir.1974), indicated that conditional certification is not a means by which a court, at a certification hearing, can avoid deciding whether the requirements for certification have been met. "The purpose of conditional certification," the Court said, "is to preserve the Court's power to revoke certification in those cases wherein the magnitude or complexity of the litigation may eventually reveal problems not theretofore apparent." *Id.* Similarly, the District Court for the Northern District of California held that absent a preliminary showing that an action may be maintained as a class action, it would be inappropriate to certify a class conditionally on the theory that decertification could be ordered if later discovery disclosed the impropriety of proceeding as a class action. See: *Colburn v. Roto-Rooter Corp.*, 78 F.R.D. 679, 681, 683 (N.D.Cal.1978). See also: *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir.1975).

To maintain a class action in Pennsylvania, there must be a representative class plaintiff who can establish, inter alia, that his or her claim is typical of those asserted by all members of the class, and that he or she will fairly and adequately protect the class' interests. See: Pa.R.C.P. 1702(3), (4). Instantly, however, the trial court conditionally certified the class action despite the fact that, after Brunda's dismissal as class plaintiff, there no longer existed a representative party to maintain the action. This was error. In the absence of a class plaintiff who could establish the typicality of his or her claim and the adequacy of his or her representation, the action could not proceed as a class action. It was therefore inappropriate for the trial court to certify the class on the condition that it could later order decertification if no new class plaintiffs had been intervened. Although certification should have been denied at

the outset, the error in certifying the class conditionally was corrected when the trial court later ordered decertification. In light of our conclusion that the initial certification of the action was improper, Brunda's remaining arguments are moot.

The judgment entered against Eleanor Brunda in appeal No. 174 Harrisburg, 1985, and the order decertifying Brunda's class action are affirmed. The judgment entered against the Cunninghams at No. 175 Harrisburg, 1985, however, is vacated, the order revoking certification of the class is reversed, and the action is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged by this Court that the Judgment and Order of the Court of Common Pleas of Dauphin County in appeal No. 174 Harrisburg, 1985 are affirmed. The Judgment of the Court of Common Pleas of Dauphin County in the appeal at No. 175 Harrisburg, 1985 is vacated, the Order revoking certification of the class is reversed, and the action is remanded for proceedings consistent with this opinion. Jurisdiction is not retained.