523 A.2d 403

Juliana GABOVITZ, Executrix of the Estate of Albert J. Gabovitz, Deceased, on her own behalf and as representative plaintiff, Appellant,

v.

STATE AUTOMOBILE INSURANCE ASSOCIATION, Appellee.

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed March 23, 1987.

Richard C. Angino, Harrisburg, for appellant.

James R. Clippinger, Harrisburg, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

Juliana Gabovitz, executrix of the Estate of Albert J. Gabovitz, deceased, commenced a class action on behalf of

her deceased husband's estate and also on behalf of others similarly situated to recover post-mortem work loss benefits under Pennsylvania's No-fault Motor Vehicle Insurance Act.[1] She now appeals from an order of the Court of Common Pleas of Dauphin County which revoked class certification and from the entry of summary judgment in favor of appellee, State Automobile Insurance Association (State Auto). We affirm.

Albert Gabovitz sustained fatal injuries in a motor vehicle accident on February 18, 1976. He was insured pursuant to a policy of no-fault insurance which had been issued by State Auto. In April of 1976, Juliana Gabovitz, acting as executrix of her deceased husband's estate, filed a claim with State Auto to recover funeral and survivor's benefits. These were promptly paid by State Auto. Over four years later, on November 26, 1980, Gabovitz caused a letter to be sent to State Auto demanding payment of work loss benefits. State Auto denied this claim. Consequently, on December 1, 1980, Gabovitz commenced an action on behalf of her decedent's estate to recover work loss benefits from State Auto. Later, on June 22, 1982, she filed a class action seeking recovery of post-mortem work loss benefits on behalf of her husband's estate and also on behalf of the estates of all insureds of State Auto who had died in automobile accidents following passage of the No-fault Act.

State Auto filed a motion for summary judgment, contending that Gabovitz's claim was barred by the two year statute of limitations contained in the No-fault Act. Gabovitz responded that a four year statute of limitations had application, that this period of limitations had been tolled by previously filed class actions, and, in any event, that State Auto was precluded from raising the statute of limitations defense because of equitable estoppel. The motion for summary judgment was denied by the Honorable William Lipsitt on the ground that disputed factual issues remained with respect to the claim of equitable estoppel.

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., *repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

■ On December 17, 1984, State Auto filed a "Further Motion for Summary Judgment," which asserted that a four year statute of limitations operated to bar the claim by Gabovitz for work loss benefits. Gabovitz also filed a petition for class certification. The motions of the parties were consolidated for hearing on March 11, 1985. Following hearing, the Honorable Warren Morgan granted the petition for class certification; however, State Auto's motion for summary judgment was again denied because of unresolved factual issues regarding the claim of equitable estoppel. State Auto filed a motion to reconsider the denial of its motion for summary judgment and the grant of class certification. Argument was held on this motion and, on October 22, 1985, Judge Morgan revoked class certification and granted State Auto's motion for summary judgment.[2] In so doing, the court concluded as a matter of law that Gabovitz's claim was barred by the statute of limitations and that State Auto was not estopped from raising the statute of limitations defense. Gabovitz appealed.

Gabovitz raises three issues on appeal: (1) whether, in entering summary judgment for State Auto, the trial court erroneously determined that her claim was barred by the statute of limitations; (2) whether there existed unresolved factual issues as to whether the doctrine of equitable estoppel precluded State Auto from asserting the statute of limitations as a defense; and (3) whether it was error for the trial court to revoke certification of the class action.

2. Gabovitz suggests in her brief that it was error for Judge Morgan to overrule Judge Lipsitt's prior decision to deny State Auto's motion for summary judgment. We disagree. Although a trial judge ordinarily should not place himself in the position of overruling a decision by another judge of the same court in the same case, where new evidence is placed on the record in the interim between the first trial judge's ruling and the second trial judge's reassessment, it is not improper for the second trial judge to reach a result different than the result reached by a colleague where the later result is based upon the new evidence. See: *Melendez v. City of Philadelphia*, 320 Pa.Super. 59, 62 n. 2, 466 A.2d 1060, 1062 n. 2 (1983). In the instant case, there was neither error nor abuse of discretion by Judge Morgan when, on the basis of new evidence elicited at hearing on March 11, 1985, he overruled the prior decision of Judge Lipsitt and granted State Auto's motion for summary judgment.

"A motion for summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984). In passing upon a motion for summary judgment, a court must examine the record in the light most favorable to the nonmoving party and resolve all doubt against the moving party. *Id.* 328 Pa.Super. at 141, 476 A.2d at 930–31." *Mariscotti v. Tinari*, 335 Pa.Super. 599, 601, 485 A.2d 56, 57 (1984).

An action to recover post-mortem work loss benefits, to be timely, must be commenced within four years after the date of the fatal accident giving rise to the claim. *Himmelright v. United States Fidelity & Guaranty Co.*, 352 Pa.Super. 517, 519, 508 A.2d 594, 595 (1986). See: 40 P.S. § 1009.106(c)(1). Although Gabovitz concedes that her action for work loss benefits was instituted more than four years after the date of her husband's fatal accident, she argues nevertheless that her action should not be time barred. This is so, she maintains, because the period of limitations had been tolled by two previously filed class actions, *Seibel v. Allstate Insurance Co.*, No. 653–S–1981 (Dauphin Cty.) and *Nye v. Erie Insurance Exchange*, No. 5349–S–1979 (Dauphin Cty.), in which, she alleges, her husband's estate was included as a potential class member.

In *Miller v. Federal Kemper Insurance Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986), we held that the antitrust action of *Seibel* did not toll the statute of limitations for assumpsit actions, such as the present one, which seek recovery of work loss benefits. *Id.*, 352 Pa.Superior Ct. at 590, 508 A.2d at 1227–1228. We also decided, however, that the *Nye* action did have the effect of suspending the statute of limitations for work loss claims, but only as to members of the class defined in *Nye*. That class was defined to include all previously employed insureds who had died in automobile accidents *after* November 15, 1977. *Id.*, 352 Pa.Superior Ct. at 595, 508 A.2d at 1230.

■ The decedent in the instant case, having sustained fatal injuries on February 18, 1976, was not included in the class defined in *Nye*. The tolling effect of *Nye*, therefore, is of no avail to Gabovitz. Because Gabovitz's present action for work loss benefits was not commenced until almost five years after her husband's death, it is barred by the No-fault Act's statute of limitations.

Gabovitz maintains, however, that State Auto should be equitably estopped from asserting the defense of the statute of limitations because the insurance company induced her to refrain from filing her action within the time allowed. Because the facts underlying her equitable estoppel argument are still in dispute, she contends, entry of summary judgment by the trial court was premature. We disagree.

■ " '[I]n the absence of expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites.' " *In re Tallarico's Estate*, 425 Pa. 280, 288, 228 A.2d 736, 741 (1967), quoting *Northwestern National Bank v. Commonwealth*, 345 Pa. 192, 196, 27 A.2d 20, 23 (1942). Thus, "[a] mutual mistake as to the law, knowledge of which is equally available to both parties, cannot raise an estoppel." *Ham v. Gouge*, 214 Pa.Super. 423, 426, 257 A.2d 650, 652 (1969). Similarly, an estoppel cannot be created by representations or opinions concerning matters of law. See: 31 C.J.S. *Estoppel* § 79.

■ Gabovitz's theory of equitable estoppel was premised upon three grounds. The first ground was that agents of State Auto had made oral misrepresentations that post-mortem work loss benefits were not recoverable. This claim, however, is completely without support in the record. Indeed, during the hearing before the court on the motion for summary judgment, Gabovitz conceded not only that she had no recollection of any such misrepresentations, but also that she had had no contact whatsoever with agents of State Auto. Even if there had been evidence that agents of State Auto had informed Gabovitz that she was not entitled

to recover post-mortem work loss benefits, however, it would not support a claim of equitable estoppel. Such a representation, even if made, would have been nothing more than an expression of legal opinion. As such, it would not give rise to an estoppel. See: *Ryan v. Lumbermen's Mutual Casualty Co.*, 485 S.W.2d 548 (Tenn.1972).

 Closely related is Gabovitz's second ground for asserting an estoppel. It must fail for the same reasons which require rejection of the first ground. She contends that she was misled by a provision within the policy of insurance issued by State Auto which purported to exclude recovery for post-mortem work loss benefits. The substance of this provision, however, merely reflected the legal opinion of State Auto that payment of post-mortem work loss benefits was not required by the No-fault Act. Thus, it could not form the basis for a claim of equitable estoppel. State Auto's interpretation of the No-fault law was not unreasonable in 1976 when the fatal accident occurred. It was not until 1980 that the Pennsylvania Supreme Court finally determined that a surviving spouse could recover work loss benefits on behalf of his or her deceased husband or wife. See: *Allstate Insurance Co. v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). And it was not until 1983 when it was decided that the estate of a deceased victim could recover such benefits. See: *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983). State Auto is not estopped from asserting the preclusive effect of the statute of limitations merely because it relied upon a reasonable, albeit erroneous, interpretation of the No-fault Act. Knowledge of the provisions of the Act was equally available to Gabovitz. Had her interpretation of the Act differed from that of State Auto, she could have commenced an immediate, or at least a timely, action to obtain judicial interpretation. Her failure to do so must be deemed the result of her own mistaken belief that post-mortem work loss benefits were not required by the Act. At best, there was a mutual mistake regarding the requirements of

the law. A mutual mistake as to the law, however, does not give rise to an estoppel. See: *Ham v. Gouge, supra.*

■ The final ground asserted by Gabovitz in support of her equitable estoppel argument concerns the failure of State Auto to give her formal notice in April of 1976 that it would not pay her post-mortem work loss benefits. She concedes that she did not request payment of such benefits until November of 1980. Nevertheless, she argues, State Auto had an affirmative duty to inform her, at the time she filed her original claim for benefits in April of 1976, of all possible benefits, including those which were *not* then recognized. We reject this argument. No such duty was imposed upon insurers by the No-fault Act, and we decline to recognize such an obligation here. To do so would impede rather than expedite the processing of no-fault insurance claims and, in so doing, would violate one of the primary objectives of the No-fault Act. Neither fraud nor deception can be implied merely because an insurance company awaited a specific demand for post-mortem work loss benefits before giving formal notice to its insured that such benefits would not be paid. This is especially true in view of the fact that such a claim was generally not recognized until this Court did so for the first time in *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982).

In summary, the record is clear that the delay by Gabovitz in filing her claim for work loss benefits was attributable not to any action or inaction on the part of State Auto, but rather to her own mistaken judgment that such benefits simply were not available under the No-fault Act. As we have already suggested, Gabovitz's misconception regarding her right to recover is not a ground upon which an estoppel will lie. As a matter of law, therefore, State Auto is not estopped from asserting the defense of the statute of limitations. There being no disputed issues of material fact, the trial court properly entered summary judgment in favor of State Auto.

■ In order to maintain a class action, each of the following prerequisites must be satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702.

Although the trial court in the instant case originally certified the Gabovitz action as a class action, it later revoked class certification for the following reasons: (1) that because of the equitable estoppel issue, Gabovitz's claim lacked commonality and typicality and, therefore, a class action would not be an efficient method of adjudication; (2) that Gabovitz did not possess the commitment necessary to act as an adequate class representative because she displayed a total ignorance of and lack of interest in the action; and (3) that because Gabovitz's claim was time barred, the purported class lacked a representative plaintiff with a viable claim.

A trial court order regarding class certification "will not be disturbed on appeal unless the court failed to consider the requirements of the rules or abused its discretion in applying them." *Miller v. Federal Kemper Insurance Co., supra* 352 Pa.Super. at 598–599, 508 A.2d at 1232, quoting *Janicik v. Prudential Insurance Co. of America,* 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982). After careful review of the record, we conclude that the trial court neither overlooked the prerequisites for class certification nor abused its discretion in determining that they had not been met. See: *Chmieleski v. City Products Corp.,* 71

F.R.D. 118 (W.D.Mo.1976) (class representatives who failed to offer any evidence which would establish that they were aware of their responsibility as class representatives, and who did not show that they either desired or were capable of conducting the proposed class litigation failed to demonstrate that they were adequate class representatives); *Brunda v. Home Insurance Co.*, 353 Pa.Super. 146, 509 A.2d 377 (1986) (not error for trial court to decertify class action where claim of only named representative plaintiff was barred by the statute of limitations). See also: *Miller v. Federal Kemper Insurance Co., supra; Janicik v. Prudential Insurance Co. of America, supra.*

For the foregoing reasons, we affirm both the entry of summary judgment in favor of State Auto and the order of the trial court which revoked class certification.