528 A.2d 177

**Ruth JONES, Administratrix of the Estate of Michael Selden, Deceased, and all others similarly situated, Appellants,**

**v.**

**KEYSTONE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1986.

Filed June 16, 1987.

Richard C. Angino, Harrisburg, for appellants.

A. Richard Feldman, Philadelphia, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

This class action for post-mortem work loss benefits under Pennsylvania's No-fault Motor Vehicle Insurance

Act[1] was commenced by Ruth Jones, the administratrix of the estate of Michael Selden, deceased, on behalf of her decedent's estate and the estates of all insureds of Keystone Insurance Company who had died in motor vehicle accidents after passage of the No-fault Act. The trial court held that the claim for work loss benefits asserted by Jones on behalf of her decedent's estate had been waived. Therefore, the court entered summary judgment against Jones and dismissed the class action complaint. Jones appealed.

Michael Selden[2] sustained fatal injuries in an automobile accident on August 23, 1977. At the time of the accident, Selden was uninsured. To recover basic loss benefits under the No-fault Act, Ruth Jones, a cousin of Selden who had been appointed to administer his estate, filed a claim on behalf of the estate with the Pennsylvania Assigned Claims Plan. The claim was assigned to Keystone Insurance Company (Keystone), which promptly paid funeral and survivor's benefits. In addition, on August 16, 1978, Keystone reimbursed the decedent's estate for medical bills which had been incurred by Selden prior to his death. Thereafter, Jones instituted an action against Keystone in Philadelphia County to recover uninsured motorist benefits. This action was terminated on June 25, 1982 after Keystone had agreed to settle the same for $15,000. Later, Jones caused a letter to be sent to Keystone requesting payment of post-mortem work loss benefits. Keystone denied this request by letter dated October 26, 1979. On February 9, 1981, a second claim by Jones for work loss benefits was also denied by the assigned claims carrier. More than four years later, on June 24, 1985, Jones commenced the present class action against Keystone to recover unpaid work loss benefits.[3]

---

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., *repealed by* Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

2. Keystone notes in its brief that the decedent's correct name was Michael Seld*on*. The spelling which we use throughout this opinion is the one appearing in the caption of the case.

3. Although the action was originally filed in York County, it was later transferred to Dauphin County upon Keystone's motion for change of venue.

The class defined in the complaint included the estates of all insureds of Keystone who had died in motor vehicle accidents after 1975, when the No-fault Act went into effect.

Keystone filed a motion for summary judgment in which it alleged, inter alia, that because Jones had failed to assert the claim for work loss benefits in the prior action for uninsured motorist benefits, the claim had been waived pursuant to Pa.R.C.P. 1020(d)(1) and (4), and that, in any event, the claim for work loss benefits was barred by the statute of limitations.[4] After hearing oral argument, the trial court rejected Keystone's contention that Jones' claim for work loss benefits was barred by the statute of limitations. The court agreed, however, that Jones had waived that cause of action by failing to assert it in the prior action for uninsured motorist benefits.[5] Consequently, the court granted Keystone's motion for summary judgment and dismissed the class action complaint. Although we disagree with the court's analysis, the summary judgment was proper and will be affirmed.

In *Miller v. Federal Kemper Insurance Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986), this Court said:

> For the entry of summary judgment, there must not only be an absence of genuine factual issues, but there must also be an entitlement to judgment as a matter of law. *Lookenbill v. Garrett*, 340 Pa.Super. 435, 439, 490 A.2d 857, 859 (1985); *Curry v. Estate of Thompson*, 332

**4.** The motion for summary judgment also asserted that the claim asserted by Jones in the class action was barred by the doctrine of res judicata. This argument was rejected by the trial court, and neither party has questioned the propriety of the court's ruling on appeal. Therefore, we do not consider this issue.

Other motions filed by Jones were not decided by the trial court and are not now before us for appellate review.

**5.** Jones implies in her brief that Keystone should be equitably estopped from asserting the waiver provision of Pa.R.C.P. 1020(d)(4) as a defense (1) because it failed to give her timely notice that it had rejected her claim for work loss benefits, and (2) because agents of Keystone had erroneously informed her that her claim was time-barred. We reject this argument for the reasons stated in *Gabovitz v. State Automobile Insurance Association*, 362 Pa.Super. 17, 523 A.2d 403 (1987).

Pa.Super. 364, 368, 481 A.2d 658, 659 (1984); *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983). On appeal from an order entering summary judgment, an appellate court will reverse the trial court where there has been an error of law or a clear abuse of discretion. *Peters Township School Authority v. United States Fidelity and Guaranty Co.*, 78 Pa.Cmwlth. 365, 370, 467 A.2d 904, 906 (1983).

*Id.*, 352 Pa.Superior Ct. at 585–586, 508 A.2d at 1225.

Prior to 1983, the Pennsylvania Rules of Civil Procedure contained separate rules of pleading for assumpsit actions and for actions in trespass. Rule 1020, which governed actions in assumpsit, was adopted in 1946 and was amended in 1971 to read, in pertinent part, as follows:

(a) The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi-contractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

. . . .

(d)(1) If a transaction or occurrence or a series of transactions or occurrences gives rise to causes of action in assumpsit and trespass against the same person, including causes of action in the alternative, they shall be joined in an action against any such person in separate counts. Each count shall specify whether the cause of action stated therein is in assumpsit or trespass, shall state that cause of action and any special damages relating thereto and shall demand the relief sought. All pleadings as to each cause of action shall be governed by the appropriate assumpsit or trespass pleading rules.

. . . .

(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action.

The pleading guidelines for trespass actions were contained in Pa.R.C.P. 1044 which, in relevant part, provided:

(a) The plaintiff may state in his complaint two or more causes of action in trespass, triable in the same county, which arise from the same transaction or occurrence or series of transactions or occurrences.

Under Rule 1020, a plaintiff was permitted to assert in one complaint two or more causes of action which arose from contract or which were quasi-contractual in nature. The pleading requirements of Rule 1044 were similar, albeit slightly more restrictive. Pursuant to Rule 1044, a plaintiff was allowed to join in one complaint two or more causes of action in trespass which arose out of the same transaction or occurrence or series of transactions or occurrences. Despite their differences, Rules 1020 and 1044 were the same in one important respect—neither compelled the joinder in one complaint of separate causes of action. For example, a plaintiff who held several causes of action in assumpsit because of breaches of different contracts had the option under Rule 1020 of asserting those claims in one action or commencing separate actions to litigate each claim. Similarly, a plaintiff who sustained damages as a result of the tortious conduct of another was free, under Rule 1044, to assert several causes of action in one action if the causes arose from the same transaction or occurrence or series of transactions or occurrences.

There was only one situation in which joinder of claims was required. Where the same transaction or occurrence or series of transactions or occurrences gave rise to causes of action sounding both in trespass and in assumpsit, it was mandatory under Pa.R.C.P. 1020(d)(1) that shall be asserted in one action. A cause of action not joined as required by Rule 1020(d)(1) was considered waived. See: Pa.R.C.P. 1020(d)(4).

In 1983, the Supreme Court of Pennsylvania abolished the procedural distinctions which had existed between assumpsit and trespass and created a single, unified action to be known as a "civil action." See: Pa.R.C.P. 1001. In so doing, the Court rescinded Rule 1044 of the Rules of Civil Procedure and amended Rule 1020 to set forth pleading

guidelines for the new form of action.  As amended, the relevant provisions of Rule 1020 now provide:

(a) The plaintiff may state in the complaint more than one cause of action against the same defendant heretofore asserted in assumpsit or trespass.  Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

. . . .

(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

. . . .

(4) Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action.

The present version of Rule 1020 is markedly more demanding than its predecessor.  Under the new rule, a plaintiff is required to join in one action *all* causes of action which arise from the same transaction or occurrence.  See: Pa.R.C.P. 1020(d)(1).  This rule obtains whether the plaintiff's claims are contractual in nature, in the nature of tort, or a combination of both.  Failure to assert a cause of action as required by the rule will result in the waiver of that claim.  See: Pa.R.C.P. 1020(d)(4).

In the instant case, Jones' claim for uninsured motorist benefits and her claim for post-mortem work loss benefits were separate and distinct causes of action.  See: *Tubner v. State Farm Mutual Automobile Insurance Co.*, 496 Pa. 215, 220 n. 13, 436 A.2d 621, 623 n. 13 (1981) ("Basic loss benefits and uninsured motorist benefits are separate and distinct. . . ."). See also: 1 Am.Jur.2d *Actions* § 143.  Accord: *Sutterfield v. Fireman's Fund American Insurance Co.*, 344 So.2d 1159 (La.App.1977).  Jones filed suit to recover uninsured motorist benefits before the amendment of Rule 1020 in 1983.  Despite the fact that her action pre-dated the amendment to the rules, the trial court applied the amended version of Rule 1020 in determining that

Jones had waived her cause of action for work loss benefits by failing to assert that claim in her prior action for uninsured motorist benefits. This was error.

■ The amended version of Rule 1020, as we have observed, curtailed the substantive rights of parties by broadening the circumstances under which a cause of action could be waived. Because it affected substantive rights, it was not capable of retroactive application. See: *Smith v. Fenner*, 399 Pa. 633, 640, 161 A.2d 150, 154 (1960); *Chiz & Dot's, Inc. Liquor License Case*, 211 Pa.Super. 320, 323, 236 A.2d 524, 236 A.2d 524, 525 (1967). Moreover, Pa.R. C.P. 152 provides unequivocally that whenever a rule of procedure is amended, "the new provisions shall be construed as effective only from the date when the amendment became effective." As a result, this Court has consistently refused to apply amended procedural rules to actions commenced prior to the effective date of the amendment. See: *Duquesne Light Co. v. U.S. Industrial Fabricators, Inc.*, 334 Pa.Super. 444, 447 n. 2, 483 A.2d 534, 536 n. 2 (1984). See also: *Miller v. Hild*, 303 Pa.Super. 332, 449 A.2d 714 (1982).

■ The trial court should have applied Rule 1020 as it existed on the date that the prior action for uninsured motorist benefits was filed. Under that version of the rule, only causes of action in assumpsit and in trespass which grew out of the same transactions or occurrences were required to be joined in a single action. Because Jones' claims for uninsured motorist benefits and for work loss benefits, although separate causes of action, were both in the nature of assumpsit, she was not required by the Rule to assert these causes of action in one and the same proceeding. Thus, when Jones failed in the prior action for uninsured motorist benefits to join her claim for post-mortem work loss benefits, the procedural rules did not require that her failure be deemed a waiver of the right to assert the latter claim in a subsequent proceeding.

The panel decision of this Court in *Epstein v. State Farm Mutual Insurance Co.*, 312 Pa.Super. 542, 459 A.2d 354

(1983), does not compel a different conclusion. In *Epstein*, the plaintiff filed a claim with the defendant-insurance company to recover uninsured motorist benefits for injuries which he had received in a motor vehicle accident. The claim was submitted to arbitration, where it was determined that the plaintiff was not entitled to recover such benefits. This determination was subsequently appealed. In the meantime, on March 2, 1981, the plaintiff commenced an action in tort against the insurance company in which he sought general and punitive damages for the insurance company's refusal to pay uninsured motorist benefits. The complaint was dismissed by the trial court on the ground that it raised the same claim as had already been asserted in the prior action. A panel of this Court affirmed. Applying the pre–1983 version of Pa.R.C.P. 1020, a majority of the panel reasoned as follows:

> Both the cause of action in this case and the cause of action in the prior case arise from the same occurrence— appellee's refusal to provide uninsured motorist benefits to compensate appellant for injuries suffered in the July accident. Because both causes of action arise from the same occurrence, appellant was required by the compulsory joinder provisions of the Rules of Civil Procedure to assert them both in a single action. Thus, Rule 1020 provides: "(d)(1) If a transaction or occurrence or a series of transactions or occurrences gives rise to causes of action in assumpsit and trespass against the same person, ... they shall be joined in an action against any such person in separate counts." Pa.R.Civ.P. 1020(d)(1) (emphasis added). Appellant's failure to abide by this rule— in other words, his failure in his first action to join as a separate count the cause of action he now argues before us—"shall be deemed a waiver of that cause of action as against all parties to the action." Pa.R.Civ.P. 1020 (d)(4). The lower court's order dismissing that action was therefore proper.

*Id.*, 312 Pa.Superior Ct. at 543–544, 459 A.2d at 355 (footnotes omitted).

*Epstein* is factually distinguishable from the instant case. There, the plaintiff had attempted to assert, in different actions, a cause of action in assumpsit (for recovery of uninsured motorist benefits) and a cause of action in trespass (for the insurance company's tortious denial of such benefits), both of which allegedly arose out of the same transaction or occurrence. This was in direct contravention of Rule 1020(d)(1). In the case sub judice, however, Jones did not assert causes of action in assumpsit *and* trespass. On the contrary, both the cause of action for uninsured motorist benefits which Jones had asserted in the prior action and the claim for post-mortem work loss benefits which she raised in the present class action sounded in assumpsit. Under these circumstances, the compulsory joinder provision of Pa.R.C.P. 1020(d)(1) and the waiver clause contained in Pa.R.C.P. 1020(d)(4) had no application.

For the reasons previously stated, therefore, we conclude that it was erroneous for the trial court to enter summary judgment against Jones on the ground that her claim for post-mortem work loss benefits had been waived under Pa.R.C.P. 1020(d)(4). This does not mean, however, that the entry of summary judgment against Jones was necessarily improper. In reviewing the ruling of the trial court, we will affirm if it was correct for any reason. *E.J. McAleer & Co., Inc. v. Iceland Products, Inc.*, 475 Pa. 610, 613 n. 4, 381 A.2d 441, 443 n. 4 (1977); *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 501, 327 A.2d 72, 76 (1974); *Justin J. Powell, Inc. v. Wian*, 456 Pa. 35, 40 n. 3, 318 A.2d 346, 349 n. 3 (1974); *Green v. Juneja*, 337 Pa.Super. 460, 464 n. 5, 487 A.2d 36, 39 n. 5 (1985); *Emerick v. Carson*, 325 Pa.Super. 308, 316 n. 2, 472 A.2d 1133, 1137 n. 2 (1984).

Keystone advanced an alternative basis for the entry of summary judgment in this case. It argued that Jones' work loss claim was barred by the applicable statute of limitations contained in the No-fault Act. We agree with this contention.

■ Where no-fault basic loss benefits have been paid for loss arising otherwise than from death, an action for fur-

ther benefits must be commenced not later than two years after the date of the last payment. 40 P.S. § 1009.106(c)(1). See: *Sachritz v. Pennsylvania National Mutual Casualty Insurance Co.*, 500 Pa. 167, 455 A.2d 101 (1982); *Roznowski v. Pennsylvania National Mutual Casualty Insurance Co.*, 343 Pa.Super. 7, 493 A.2d 775 (1985); *Fidelibus v. State Automobile Insurance Association*, 315 Pa.Super. 338, 461 A.2d 1309 (1983); *Fusco v. Keystone Insurance Co.*, 312 Pa.Super. 471, 458 A.2d 1390 (1983). Here, Keystone paid for "loss arising otherwise than from death" when it paid the decedent's medical benefits on August 16, 1978. Jones does not dispute that her action for work loss benefits had not been commenced within the statute of limitations provided in the No-fault Act. Thus, absent a tolling of the limitations period, Jones' claim for work loss benefits is time-barred.

In *Miller v. Federal Kemper Insurance Co.*, *supra*, we held that the statute of limitations on claims for post-mortem work loss benefits had been tolled by the prior class action of *Nye v. Erie Insurance Exchange*, No. 5349–S–1979 (Dauphin Cty.), but only for the class members specifically included in that action. The *Nye* class was defined to embrace all previously employed insureds who had died in motor vehicle accidents *after* November 15, 1977.

Instantly, because Jones' decedent sustained his fatal injuries on August 23, 1977, he was not included within the narrowly defined *Nye* class. Consequently, the tolling effect of *Nye* is of no benefit to Jones in her action to recover post-mortem work loss benefits on behalf of her decedent's estate. This being the case, Jones' claim was time-barred; it was not asserted until nearly seven years after Keystone had made its last payment of medical benefits. For this reason, the trial court did not err when it entered summary judgment on Jones' individual claim for work loss benefits.

In addition to requesting the dismissal of Jones' individual claim, the motion for summary judgment filed by Keystone also had urged that the class action complaint be dismissed. By granting Keystone's motion, therefore, the

trial court not only entered judgment against Jones, but also against all other members of the class proposed in her complaint. Jones contends that it was error for the trial court to dismiss the class action complaint and thereby enter summary judgment against all purported class members. Before we may consider this issue, we must determine whether Jones has standing to raise it.

Keystone argues that because Jones' claim for work loss benefits is time-barred, she is not a member of the class defined in her complaint; therefore, she lacks a cognizable interest in seeing the class action continued. This argument is without merit. In *Allesandro v. State Farm Mutual Automobile Insurance Co.*, 487 Pa. 274, 409 A.2d 347 (1979), our Supreme Court noted that a class plaintiff whose claim had been mooted was nevertheless entitled to bring an appeal on behalf of the class. *Id.*, 487 Pa. at 282–283 n. 11, 409 A.2d at 351 n. 11. So, too, in the instant case, Jones may represent the interests of the class on appeal even though her individual claim is time-barred. We turn, then, to the merits of Jones' contention.

The dismissal of the class action complaint by the trial court was based upon a recent decision by a panel of this Court in *Brunda v. Home Insurance Co.*, 353 Pa.Super. 146, 509 A.2d 377 (1986) (allocatur granted). In *Brunda,* the plaintiff commenced a class action to recover post-mortem work loss benefits on behalf of her decedent's estate. The defendant-insurance company had filed a motion for summary judgment and had argued that the plaintiff's individual claim was barred by the applicable statute of limitations. In the meantime, however, the plaintiff had filed a motion for class certification. Thereafter, the motions of both parties were consolidated for hearing. After hearing, the trial court dismissed the plaintiff's individual claim on the ground that it was time-barred. Nevertheless, the court granted certification of the class action on the condition that new class plaintiffs would be intervened within a specified amount of time. This, our Court held, was error. In so holding, the Court noted that after the

plaintiff's dismissal as class representative, there no longer existed a named party to maintain the action. *Id.*, 353 Pa.Superior Ct. at 156, 509 A.2d at 383. In the absence of a plaintiff who could serve as an adequate class representative, the Court concluded, the action could not proceed as a class action, and it was therefore erroneous for the trial court to certify the class on the condition that new class plaintiffs would be intervened. *Id.* Because this error had been rectified when the trial court later decertified the class action, however, the order of the trial court decertifying the action was affirmed.

■ The holding of *Brunda* does not support the unqualified dismissal of the instant class action. *Brunda* merely precludes a trial court from conditionally granting a motion for class certification where the individual claim of the only named class plaintiff has been dismissed on summary judgment. Where, as here, summary judgment has been entered against the class plaintiff *before a motion for class certification has been filed*, Pa.R.C.P. 1715(a) specifically prohibits the entry of summary judgment against the proposed class.[6] See: *Canulli v. Allstate Insurance Co.*, 315 Pa.Super. 460, 467–468, 462 A.2d 286, 289–290 (1983). Because the question of class certification has not yet been adjudicated—no request therefor having been made—it was error for the trial court to dismiss the class action complaint on a motion for summary judgment.

In light of the foregoing, we affirm the entry of summary judgment against Ruth Jones; however, we reverse that portion of the order which entered summary judgment against the class and dismissed the class action complaint. The class action complaint is reinstated, and the action remanded for further proceedings. Jurisdiction is not retained.

6. Pa.R.C.P. 1715(a) provides: "Except by special order of the court, no judgment ... by summary judgment may be entered in favor of or against the class until the court has certified or refused to certify the action as a class action."