594 A.2d 337

Ronald L. CARNS and Jacqueline Carns, his Wife, Appellants,

v.

Nathaniel YINGLING, M.D., J.P. Davidson, D.O.,
Clearfield Hospital, B.V. Condon, P.T. and
C. Kephart, R.P.T., Appellees.

Superior Court of Pennsylvania.

Argued June 4, 1991.

Filed July 9, 1991.

Vincent A. Tucceri, Pittsburgh, for appellants.

Robert E. Kelly, Harrisburg, for Yingling, appellee.

Harry F. Kunselman, Pittsburgh, for Davidson, appellee.

Terence A. Plizga, Pittsburgh, for Clearfield Hosp., Condon and Kephart, appellees.

Before OLSZEWSKI, HUDOCK, and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting summary judgment in favor of all defendants as the cause of action in the case *sub judice* is barred by the applicable statute of limitations. At the close of pleadings in this case, defendants moved for summary judgment. The trial court granted that motion. This timely appeal followed.

On appeal, Ronald and Jacqueline Carns, plaintiffs herein, argue that the trial court applied the wrong test in determining whether the discovery rule tolled the statute of limitations in this action. Alternatively, the Carnses argue that regardless of the test applied, material questions of fact as to the applicability of the discovery rule exist, precluding summary judgment. Finding no merit to these claims, we affirm.

The facts of this case were aptly summarized by the trial court as follows:

[O]n or about May 21, 1986, the Plaintiff [Ronald Carns] began to experience extreme pain in his pelvic area. As a result, he scheduled an appointment with Dr. Davidson, who subsequently treated the Plaintiff for approximately five to six weeks.

Following Plaintiff's last visit to Dr. Davidson, the Plaintiff immediately went to the office of Dr. Yingling. Upon arrival, the Plaintiff asked to see Dr. Yingling because he felt that Dr. Davidson had made no progress with his condition.

Finally, on or about August of 1986, the Plaintiff was rushed to the Clearfield Hospital wherein he came under the care of Dr. Dotsey who diagnosed that the Plaintiff had an abscessed fistula which required surgery.

(Trial court opinion at 2.) Further, the parties do not dispute that two physical therapists, B.V. Condon and C.

Kephart, treated Mr. Carns while he was under the care of Drs. Davidson and Yingling. It is also undisputed that Mr. Carns has required an extended course of surgical intervention to ultimately remedy his condition.

On November 4, 1988, the Carnses filed a complaint against Drs. Davidson and Yingling, as well as the therapists Condon and Kephart,[1] alleging that Mr. Carns's condition was caused by, or the severity of that condition was exacerbated by, their failure to properly diagnose Mr. Carns's condition. The defendants moved for summary judgment, claiming that the Carnses' cause of action arose when Mr. Carns's condition was properly diagnosed in August of 1986 and, therefore, was barred by the applicable two-year statute of limitations.

 Initially, we note our standard of review in cases involving appeals of summary judgment. Summary judgment is only proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b), 42 Pa.C.S.A. The movant must demonstrate that no genuine factual issues exist and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 202–06, 412 A.2d 466, 468–69 (1979). An appellate court must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.,* 320 Pa.Super. 291, 297, 467 A.2d 330, 333 (1983). All doubts must be resolved against the movant, as summary judgment is only proper in the clearest case. *Thompson Coal, supra,* 488 Pa. at 202–06, 412 A.2d at 468–69. Nonetheless, the grant of summary judgment will only be reversed for an error of law or a clear abuse of discretion. *Jones v. Keystone Insurance Co.,* 364 Pa.Super. 318, 322, 528 A.2d 177, 179 (1987), *alloc. denied,* 518 Pa. 613, 540

**1.** These four defendants will be collectively referred to as "the defendants" because they all adopt the same position on this appeal, namely, that the Carnses' action is barred by the statute of limitations.

A.2d 535 (1988) (citation omitted). With these standards in mind, we examine the Carnses' contentions.

All parties agree that a cause of action based on medical malpractice is governed by a two-year statute of limitations. *See,* 42 Pa.C.S.A. § 5524(2) (Purdon's Supp.1990). The parties also agree that the allegedly tortious conduct by all defendants occurred by August 1986, at the latest. The Carnses contend that the two-year statute was tolled until March 1988, when Mr. Carns was first informed by a doctor that his condition, or the extent thereof, could be attributed to a failure to diagnose by the defendants. We cannot agree.

■ The Carnses' first contention is that the trial court erred in applying the two-part discovery rule test announced in *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984). That test provides that the discovery rule tolls the running of the statute of limitations until "the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Id.,* 324 Pa.Superior Ct. at 136–37, 471 A.2d at 500 (footnote omitted). The Carnses argue that the *Cathcart* formulation is restricted to "creeping disease cases" and that the applicable test for medical malpractice case is that announced in *Anthony v. Koppers Co., Inc.,* 284 Pa.Super. 81, 425 A.2d 428 (1980), *rev'd on other grounds,* 496 Pa. 119, 436 A.2d 181 (1981). The *Anthony* case employed a three-prong test to determine the extent to which the discovery rule tolls the applicable limitations period. "[T]hree independent phases of knowledge must be known or knowable to plaintiff before the limitation period commences: (1) knowledge of the injury; (2) knowledge of the operative cause of the injury; and (3) knowledge of the causative relationship between the injury and the operative conduct." *Id.,* 284 Pa.Superior Ct. at 96, 425 A.2d at 436 (citation omitted).

We hold that the two-prong test announced in *Cathcart* was properly applied in this case. In a similar failure-to-diagnose case, this Court has held that the two-part test announced in *Cathcart* is to be applied. *MacCain v. Mont-*

*gomery Hospital,* 396 Pa.Super. 415, 420–22, 578 A.2d 970, 973 (1990) (*citing, Levenson v. Souser,* 384 Pa.Super. 132, 557 A.2d 1081 (*en banc*), *alloc. denied,* 524 Pa. 621, 571 A.2d 383 (1989)). Thus, the Carnses' claim that the trial court erred by applying the *Cathcart* test fails.[2]

Not only do we find *MacCain* controlling as to the propriety of the test employed by the trial court, we further hold that it controls as to the effect of the discovery rule in this case. *MacCain* was based upon an alleged failure to diagnose a cancer. This Court held that the limitations period began when Mrs. MacCain's cancer was finally diagnosed; at that point she knew that either earlier test results had been misinterpreted or that she had been misinformed. *Id.* Once she knew she was injured, the fact she did not know the precise medical cause of that injury nor that the injury resulted from negligent conduct did not further toll the statute. *Id., citing, Groover v. Riddle Memorial Hospital,* 357 Pa.Super. 420, 516 A.2d 53 (1986) *alloc. denied,* 515 Pa. 600, 528 A.2d 957 (1987); and *Bickford v. Joson,* 368 Pa.Super. 211, 533 A.2d 1029 (1987) *alloc. denied,* 518 Pa. 647, 544 A.2d 959 (1988).

As in *MacCain,* Mr. Carns was aware when he was diagnosed in August 1986 that he had been misinformed, as he knew the defendants had never indicated he was suffering from an abscessed fistula. Thus, he knew he had been injured. The limitation period began to run at that point. The fact that Mr. Carns did not pinpoint the precise medical cause until March 1988 does not prevent the triggering of the statute.

We agree with Mr. Carns that the discovery rule applies to this case. The negligence of defendants, if any, occurred prior to August 1986. The two-year period did not begin

---

2. We note that the second and third prongs of the test employed in *Anthony* appear to be implicit in the *Cathcart* formulation. Knowledge of (1) the operative cause of the injury and (2) the causal relationship between the injury and the operative conduct is the functional equivalent of knowledge that an injury has been caused by another's conduct. Thus, the argument over which test to employ appears to be much ado about nothing.

until Mr. Carns was aware of his injury and that it had been caused by another's conduct. Nonetheless, *MacCain* dictates that the discovery rule toll the statute only until the proper diagnosis was made. At that point, the limitations period began to run.

■ The Carnses' final argument is that Pennsylvania precedent indicates that discovery rule cases present factual determinations for jury determination precluding summary judgment. We do not agree. It is true that in most cases the question of what a plaintiff reasonably should have discovered should be left to the jury. *Corbett v. Weisband,* 380 Pa.Super. 292, 551 A.2d 1059 (1988), *alloc. denied,* 524 Pa. 607, 569 A.2d 1367, *and sub nom Petition of DeMoura,* 524 Pa. 620, 571 A.2d 383 (1989). Nonetheless, where the undisputed facts "lead unerringly to the conclusion that the length of time it took a plaintiff to discovery the injury or its cause was unreasonable as a matter of law," summary judgment is proper. *MacCain, supra,* 396 Pa.Super. at 423, 578 A.2d at 974 (citation omitted).

Here it is undisputed that Mr. Carns knew in August 1986 that he was diagnosed as suffering from an abscessed fistula, and that the defendants had failed to previously diagnose that condition. We find no clear abuse of discretion in the trial court finding, as a matter of law, that further delay in discovering the injury or its cause was unreasonable. Thus, the grant of summary judgment will not be reversed. *Jones v. Keystone Insurance Co., supra.*[3]

Order affirmed.

Dissenting statement by HOFFMAN, J.

**3.** We do not hold that all failure-to-diagnose cases are presented in a posture appropriate for summary judgment. It may be that the facts of a case indicate that the jury should determine whether a plaintiff reasonably discovered his injury. Nonetheless, where the record clearly indicates that a reasonable person had sufficient knowledge to meet the *Cathcart* formulation, summary judgment may be entered.

HOFFMAN, Judge, dissenting.

I dissent. In my view, there is a disputed issue of material fact in this case. Specifically, the question of when plaintiff reasonably should have known that his condition had been *exacerbated* by defendants' alleged negligent failure to diagnose is one that I believe is properly left for the jury. Accordingly, I would remand the case for trial.