## Nu Studio Lounge, Inc. Liquor License Case.

Argued September 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James J. Phelan, Jr.,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Ronald M. Agulnick,* with him *Pitt and Agulnick,* for appellee.

OPINION BY WRIGHT, P. J., November 12, 1969:

On September 15, 1967, after hearing on Citation No. 618 for 1967, the Pennsylvania Liquor Control Board entered an order revoking the restaurant liquor license issued to Nu Studio Lounge, Inc., for premises at 20 East Market Street in the Borough of West Chester. This order was based upon three findings of fact set forth in the footnote.[1] The licensee appealed to the

---

[1] "1. The licensed establishment operated by the licensee was conducted in a noisy and/or disorderly manner on February 3, 1967.

Court of Quarter Sessions of Chester County, which tribunal (now the Court of Common Pleas—Criminal Division) entered an order, April 10, 1969, reversing the Board's action. This appeal by the Board followed.

The history of the licensed premises includes three prior citations which resulted in suspension or fine. The present citation was based upon an investigation during the months of March and April 1967. The findings of fact which the Board made as a consequence of that investigation are fully supported by the testimony. Indeed, the conduct of three persons in the licensed establishment was the subject of criminal prosecutions resulting in convictions which this court affirmed. See *Commonwealth v. Dawson*, 213 Pa. Superior Ct. 747, 246 A. 2d 886, allocatur refused 213 Pa. Superior Ct. xlii. The court below found no merit in any of the licensee's contentions except one asserting that the Board failed to serve timely notice of the completion of the investigation. This is the only question which requires discussion.

Section 2 of the Act of January 13, 1966, P. L. (1965) 1301, amended Section 471 of the Liquor Code (47 P.S. 4-471) by adding the following language: "No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days". The court below reasoned that the legis-

---

"2. The licensee, by its servants, agents or employees, sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of two o'clock ante meridan and seven o'clock ante meridian on February 3, 1967.

"3. The licensee, by its servants, agents or employees permitted gambling on the licensed premises on February 3, 1967".

lature intended by this language to require actual notice within a period of ten days. We are not in accord with this reasoning.

The record discloses that the investigation commenced on March 27, 1967, and was completed on April 6, 1967. Notice of the nature and date of the violations was sent by certified mail. The Board's enforcement officer testified as follows: "A notice was mailed certified mail on April 6, 1967. Attempted delivery was made on April 7, 1967, and it was returned unclaimed to our office, and a secondary notice was mailed on April 17, 1967. It was mailed on regular mail". At the hearing in the court below it was conceded by the licensee that this second notice was actually received.

The instant appeal is controlled by the decision of this court in *Denny's Bar, Inc. Liquor License Case,* 213 Pa. Superior Ct. 732, 244 A. 2d 175, allocatur refused 213 Pa. Superior Ct. xli, wherein we rejected a contention that the 1966 amendment to Section 471 of the Liquor Code requires actual notice to the licensee. In that case, it was held that the sending of notice by certified mail was sufficient compliance with the statute although the notice was returned unclaimed, as in the case at bar, and a second notice was never received. The factual situation in the instant case is even less favorable to the licensee than that in *Denny's Bar* since, as previously indicated, a second notice was admittedly received. The tenth day following the completion of the investigation was April 16, 1967. This was a Sunday, and the last day for giving notice would therefore be Monday, April 17, 1967.[2] It was on this date that the second notice was mailed.

---

[2] "When any period of time is referred to in any law, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day

This court is not inclined to sustain the imposition of technical barriers which thwart fair enforcement of the liquor laws. In the words of Judge WATKINS in *Chiz & Dot's Liquor License Case,* 211 Pa. Superior Ct. 320, 236 A. 2d 524: "The difficulties that confront the enforcement division of the Liquor Control Board should not be made insurmountable by technical interpretation and the application of strict construction to procedural matters, when the Act by its very nature, must have a liberal construction if the regulation of this business is to prove successful".

The order of the court below is reversed and the order of the Board is reinstated.

---

made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation". Statutory Construction Act of May 28, 1937, P. L. 1019, Section 38, 46 P.S. 538.