L. & G., Inc., The Lorelei, 263 South 15th Street, Philadelphia, Pennsylvania *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board. L. & G., Inc. (The Lorelei), Appellant.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*A. Richard Gerber,* with him *Gerber, Maerz, Wilenzik & Shields,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 7, 1979:

L. & G., Inc. (Lorelei) has appealed from the order of the Court of Common Pleas of Philadelphia County affirming the Pennsylvania Liquor Control Board's (PLCB) order of November 17, 1975 revoking Restaurant Liquor License No. R-812 issued to Lorelei. We affirm.

After hearing on a citation against Lorelei, the PLCB made the following findings of fact and order:

1. The licensee, by its servants, agents or employes permitted upon the licensed premises solicitation of patrons for immoral purposes on January 26, February 21, 1975.

2. The licensee, by its servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages on Sunday, January 26, 1975, during hours when such sales were prohibited.

3. The licensee, by its servants, agents or employes committed acts of public indecency on the licensed premises on January 26, 1975;

. . . .

AND Now, this 17th day of November, 1975, for the foregoing reasons, it is ordered and decreed that the Restaurant Liquor License No. R-812, issued to L. & G., INC., for premises No. 263 South 15th Street, known as, 'THE LORE-LEI,' in the City and County of Philadelphia, be and it is hereby revoked. This order shall become and be effective December 11, 1975.

IT IS FURTHER ORDERED AND DECREED that the bond filed with the application for the license year beginning November 1, 1974 and ending October 31, 1975, be and it is hereby forfeited. This order shall become and be effective December 11, 1975.

On appeal, the trial court conducted a de novo hearing and made findings similar to those of the PLCB and affirmed the action of revocation.

Lorelei makes four arguments for reversal and we will briefly discuss each of them.

First, it is asserted that Lorelei was denied due process of law because there was no evidence presented at the PLCB hearing that the licensee had received notice of that hearing. In view of the fact that Lorelei, represented by counsel, participated in the de novo hearing conducted by the trial court, we do not deem Lorelei's argument to have merit. The PLCB in its order recites that the citation (No. 1264, 1975) and no-

tice of hearing were sent by certified mail to Lorelei at its licensed premises. As we understand Lorelei's argument, this recitation is not challenged as to accuracy, but its assertion is merely that the record of the hearing before the PLCB fails to disclose evidence that it received the hearing notice. Lorelei's full participation in the de novo hearing cured any record deficiency as to receipt of a notice which would provide an opportunity to be heard on the charges set out in the citation served on Lorelei.

Next, Lorelei contends that PLCB and the trial court made only conclusions of law and failed to make required findings of fact. We are of the view that findings that Lorelei permitted, upon its premises, the solicitation of patrons for immoral purposes on specified dates; sold alcoholic beverages on Sunday, January 26, 1975, during hours when such sales were prohibited; and, on a given date, committed, by its agent or employee, an act of public indecency are fact findings and not mere conclusions of law.

Also, Lorelei asserts that it is entitled to a new hearing because it did not have effective counsel before the trial court. Initially, we would note that this is not a criminal case. Further, it is not the law that an unfavorable result in an adversary proceeding proves counsel to be ineffective. Lorelei argues that two witnesses should have been called to testify in its defense and that certain evidence was admitted without objection by its counsel. While parties have the right to change counsel, decisions of prior counsel remain binding. A contrary holding would permit a dissatisfied litigant to obtain new counsel, relitigate the same issues, and thereby prolong indefinitely the resolution of disputes.

Finally, Lorelei argues that the record contains insufficient evidence to sustain a finding that it violated

the provisions of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq. An examination of the record discloses that two Philadelphia police officers visited Lorelei's bar during the early morning hours of Sunday, January 26, 1975 and observed the bartender ask a male patron if he wanted to take a girl upstairs. The male patron did so and returned approximately 40 minutes thereafter. The officers purchased drinks after 2 a.m., the latest time when Lorelei was permitted to make sales of alcoholic beverages. Both officers were asked by the bartender if they wanted to take the girl upstairs for the purpose of engaging in intercourse for a fee of $50. They refused this offer made by the bartender, who later stated that he needed to relieve himself and then, in the presence of the undercover officers, urinated in a bucket.

The same officers made another visit to Lorelei's bar on February 20, 1975, and the same bartender again asked one of the officers if he would like to take a girl, who had entered the bar, upstairs to engage in intercourse. The officer replied that he would. The bartender then gave the girl a set of keys and she told the officer to come upstairs in a few minutes. When the officer arrived at the appointed room, the girl started to undress and asked the officer for $60 ($10 for the bartender and the rest for herself), whereupon the officer identified himself, arrested the woman, and took her downstairs to the bar and arrested the bartender.

Our scope of review is limited to a determination of whether or not the PLCB's order is supported by sufficient evidence and whether or not the trial court committed an error of law or abused its discretion. *In re Appeal of Skowronek,* 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977). Here the evidence of record

amply supports the findings that the after-hour sales, solicitation of patrons for immoral purposes, and an act of public indecency took place on the days in question at Lorelei's bar and were committed or permitted by its servants, agents or employees and were contrary to the provisions of the Code.

ORDER

AND Now, this 7th day of June, 1979, the order of the Court of Common Pleas of Philadelphia County, affirming the revocation of Restaurant Liquor License No. R-812, issued to L. & G., Inc., and forfeiture of the bond filed by said licensee for the license year beginning November 1, 1974 and ending October 31, 1975, is hereby affirmed.