547 A.2d 1299

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Fassano Bar Corporation, Appellee.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Drew Salaman, Salaman, Salaman & Cherwony,* for appellee.

OPINION BY JUDGE COLINS, September 28, 1988:

The Pennsylvania Liquor Control Board (Board) appeals a March 18, 1987, order of the Court of Common Pleas of Philadelphia County (trial court) which after *de novo* review sustained the appeal of Fassano Bar Corporation (appellee) to the revocation of its liquor license. We affirm.

On August 28, 1984, while on patrol, a Philadelphia police officer entered the premises in question and observed two youthful individuals playing pool. Both individuals had a can of beer and a glass in front of them. The patrons failed to produce identification upon request and were arrested and charged with underage drinking. The officer testified to this effect at the Board hearing on July 25, 1985. Both of the individuals testified at the Board hearing that they pled guilty to the charge of underage drinking but denied having any alcoholic beverages. The Board rendered its decision revoking the appellee's license. Appellee took a *de novo* appeal which was twice continued on October 14, 1986, and November 5, 1986, due to the unavailability of the Board's witnesses. Finally, on March 18, 1987, this matter was again listed and the Board was still unable to produce its witnesses. Counsel for the Board offered into evidence a transcript of the Board hearing, as well as the appellee's previous citations and stated, "Your Honor, that would be the Commonwealth's case." Counsel for the appellee did not object to the admission of the Board transcript, presented no testimony, requested that the citation be dismissed, and the appeal of the licensee be sustained. After this, counsel for the Board stated:

> Your Honor, in all fairness to the licensee, the testimony adduced at the hearing, as I have discussed that with Your Honor, was that a police officer, a Philadelphia police officer, observed

youthful looking patrons in this establishment. He observed beer in this location, and then arrested them, and that two of the patrons that he did arrest then did testify that they were in the premises but that they did not drink anything on that day. And I have no evidence to refute that.

The trial court, after having reviewed the evidence presented by the Board, sustained the appeal and reversed the Board. The Board now appeals that March 18, 1987, order.

Our scope of review of a *de novo* appeal from a liquor license revocation is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board*, 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

Section 471 of the Pennsylvania Liquor Code (Code)[1] permits a trial court, after *de novo* review, to make its own findings of fact and conclusions of law and then, in the exercise of its own discretion, either sustain, reverse, or modify the action taken by the Board. The trial court is not bound by the Board's decision but, rather, makes a completely independent determination of the facts in the case. Until recently, the only limitation placed upon the trial court was in the area of imposing different penalties when no material changes were made by the trial court's findings. *Carver House, Inc. Liquor License Case*, 454 Pa. 38, 310 A.2d 81 (1973).

Nevertheless, our Supreme Court in the recent decision of *Adair v. Pennsylvania Liquor Control Board*, (Nos. 41 W.D. and 42 W.D. Appeal Docket 1987, slip op., filed July 28, 1988), held that the line of cases stating that a trial court, after *de novo* review, cannot

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471.

change a penalty imposed by the Board unless material factual changes are made by the trial court were based upon a misreading of Section 471. In *Adair,* the Supreme Court stated:

> Thus, we hold that in an appeal from a decision of the Board pursuant to Section 471 of the Liquor Code, the lower court is to conduct a *de novo* review, and in the exercise of its statutory discretion, make findings and conclusions. Based upon its *de novo* review, the lower court may sustain, alter, change or modify the penalty imposed by the Board. *To be sure, the authority to alter, change, modify or amend a Board imposed penalty may be exercised by the trial court whether or not it makes findings which are materially different from those found by the Board.*

*Id.* at , 546 A.2d at 25 (emphasis added, footnote omitted). "This is so whether the lower court hears the evidence anew, takes additional testimony or *merely reviews* the official transcript of the proceedings before the Board. *Id.* at , 546 A.2d at 25 (emphasis added).

Therefore, in light of *Adair,* we are compelled to affirm the trial court notwithstanding the fact that no evidence other than the verbatim transcript of the Board hearing was presented for *de novo* review.[2]

---

[2] Previously, we have stated that a trial court commits an error of law when based solely upon the transcript of the Board hearing it revises, changes, alters or modifies a Board order. *Pennsylvania Liquor Control Board v. Palumbo,* 99 Pa. Commonwealth Ct. 73, 512 A.2d 108 (1986); *Pennsylvania Liquor Control Board v. Horner,* 88 Pa. Commonwealth Ct. 102, 488 A.2d 661 (1985). However, this principle has been effectively amended by *Adair* which allows the trial court, in its discretion, to impose a different penalty whether the trial court hears the evidence anew, takes additional evidence, or merely reviews the official transcript before the Board.

Accordingly, the order of the trial court is hereby affirmed.

ORDER

AND NOW, this 28th day of September, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.