557 A.2d 1164

In Re: Charles W. Locy, t/a Victorian Lounge.
Charles W. Locy, t/a Victorian Lounge, Appellant
*v.* Commonwealth of Pennsylvania, Pennsylvania
Liquor Control Board, Appellee.

Submitted on briefs October 25, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Ross F. Dacal, Litman, Litman, Harris, Brown and Watzman, P.C.*, for appellant.

*Eileen S. Maunus*, Assistant Counsel, with her, *Cheryl G. Young*, Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, April 28, 1989:

Charles W. Locy (Licensee) appeals an order of the Court of Common Pleas of Allegheny County which affirmed an order of the Pennsylvania Liquor Control Board (Board) imposing a ten day suspension of his restaurant liquor license for discounting the price of alcoholic beverages in violation of Board Regulation 13-.102(a), 40 Pa. Code §13.102(a).[1]

On February 27, 1987, at approximately 8:40 p.m., Board Enforcement Officer Todd Merlina (Merlina) entered Licensee's establishment, the Victorian Lounge, and observed a sign stating "Fridays, domestic beer and bar liquor 85 cents." The bartender replied in the affirmative when Merlina queried whether the "special [price] was all night." (Hearing Transcript, March 15, 1988 (H.T.), at 6.) Merlina purchased a 12 oz. bottle of beer and a shot of whiskey paying $0.85 for each. Merlina then returned after midnight (February 28, 1987). The bartender again replied in the affirmative when Merlina queried whether the "special [price] was still on." (H.T. at 7.) Merlina ordered the same drinks as he had ordered earlier, and was again charged $0.85 for each. (H.T. at

---

[1] This case was assigned to the opinion writer on March 7, 1988.

5-7). Merlina had also been at the Licensee's establishment on Thursday, February 5, 1987, and purchased a beer for $1.00.

On March 12, 1987, Merlina inquired as to the regular price of beer, and was informed by the bartender that the regular price was $1.00. (H.T. at 9.) Merlina returned to the Victorian Lounge on Friday March 13, 1987, and ordered a bottle of beer and a shot of whiskey paying $0.85 for each. The bartender informed Merlina that the regular price for whiskey was $1.50, and further stated that the $0.85 price was "a good deal." (H.T. at 8-9.)

At the conclusion of its investigation, the Board sent to Licensee, by certified mail, a notice of violation. After a hearing, the Board imposed a ten day suspension for illegally discounting the price of alcoholic beverages, in violation of Regulation §13.102(a). That regulation pertinently provides:

> (a) *General*. Retail licensees may discount the price of alcoholic beverages for a consecutive period of time not to exceed 2 hours in a business day, but may not engage in discount pricing practices between 12 midnight and the legal closing hour.

Licensee filed an appeal with the trial court. Following the de novo hearing, the trial court upheld the order of the Board. This appeal ensued.

Licensee argues that the case should be dismissed because the Board failed to inform him of the violation in accordance with the notice provision of Section 471(b) of the Liquor Code (Code),[2] 47 P.S. §4-471(b). He further

---

[2] Act of April 12, 1951, P.L. 90, *as amended*. The provision which was in effect at the time relevant to these proceedings stated in relevant part:

> No penalty provided by this section shall be imposed by the board or any court for any violations provided for in this act unless the enforcement officer or the board notifies the

argues that the evidence indicates that he did not discount the prices of alcoholic beverages, but merely varied the prices from one day to another, and that this practice does not constitute a violation of Regulation 13.102(a).

In appeals such as the instant case, it is the trial court's role to conduct a de novo review and make its own findings and conclusions. *Adair v. Pennsylvania Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988). Our review is limited to determining whether the trial court committed any error of law or abuse of discretion. *Pennsylvania Liquor Control Board v. Fassano Bar Corp.,* 120 Pa. Commonwealth Ct. 125, 547 A.2d 1299 (1988).

Licensee argues that no penalty may be imposed upon him because the Board failed to comply with the notice provision of Section 471(b) of the Liquor Code. Specifically, Licensee contends that Section 471(b) requires actual notice, and that he did not receive such notice. Contrary to Licensee's contention, Section 471(b) does not require actual notice. Sending the notice by certified mail constitutes sufficient compliance with the statute. *Nu Studio Lounge, Inc. Liquor License Case,* 215 Pa. Superior Ct. 386, 258 A.2d 691 (1969). A review of the record reveals that the Board fully complied with this requirement.[3] Even if, however, the notice had not been

---

licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days.

[3] The record indicates that the Board sent by certified mail to Licensee notice of the violation within the period of time mandated by the statute. (H.T. at 4-5.) Even if the statute required actual notice, the record indicates that actual notice was given. Merlina testified that the return receipt was signed by Licensee on March 20, 1987. (H.T. at 4-5.) Furthermore, Licensee's own testimony corroborates the Board's testimony that Licensee received the notice:

Q. Now, after receiving the Board citation, Charles, did you indicate to the board examiner in the hearing that you went back to one straight price, $.95?

properly sent, we believe that the hearing de novo before the trial court would have cured any due process problem. *See L. & G. Inc. v. Pennsylvania Liquor Control Board*, 43 Pa. Commonwealth Ct. 295, 402 A.2d 305 (1979) (de novo proceeding cured any possible deficiency where record did not show whether licensee received hearing notice).

Licensee next argues that his practice of varying prices from day to day does not constitute a discount and is not a violation of Regulation 13.102(a).

The trial court held that:

> Discount is defined in *Webster's Dictionary* as 'a reduction made from a regular or list price.'
>
> . . .
>
> [T]he list price for whiskey and beer being charged by the appellant is $1.50 and $1.25. These prices are discounted to $1.25 and $1.00 on Mondays and Thursdays and to $0.85 for both on Tuesdays and Fridays. This constitutes a violation under the cited provision and therefore the appeal will be dismissed.

We are completely in agreement with this reasoning. Moreover, we note that Licensee himself testified that his price variations were to "get more people in." (N.T. 12 Board hearing.) The Board's regulation, however, seeks to limit certain promotional price tactics which encourage the consumption of alcoholic beverages. It is clear that

---

A. Friday. I went back to $.85 for everyday all of the time, $.85.
Q. And this was upon receipt of the citation?
A. No, that was upon receipt of the notice.
Q. Of the notice?
A. Yes.
Q. From the Board?
A. Right.

H.T. at 28-29.

the Liquor Code was enacted to restrain the sale of liquor, not promote it. *Bierman Liquor License Case*, 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958). Further, Section 493(24) of the Liquor Code, 47 P.S. §4-493(24), makes it unlawful for a licensee to, *inter alia,* give anything of value to induce directly the purchase of liquor or malt or brewed beverages. Considering that Licensee enacted his pricing practices to promote business, we cannot say, in view of Section 493(24) of the Liquor Code and *Bierman,* that the trial court committed error in finding those practices to be violative of the Board's regulation.

Affirmed.

ORDER

AND NOW, this 28th day of April, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is hereby affirmed.

---

DISSENTING OPINION BY JUDGE MCGINLEY:

40 Pa. Code §13.102(a) regulates the practice of "discount[ing] . . . in a business day." Where the price which is charged is the same for the *entire* day, there can be no "discount . . . in a business day."

Based on my interpretation of subsection (a), I respectfully dissent from the majority opinion.