561 A.2d 861

**Donald A. TSOLO, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided July 24, 1989.

Robert Arnold Wilson, Philadelphia, for petitioner.

Jean M. Callihan, Heidi B. Hamman Shakely, Asst. Counsels, Victoria A. Reider, Deputy Chief Counsel, Linda J. Wells, Chief Counsel, Harrisburg, for respondent.

Before BARRY and McGINLEY, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

This is a petition to review an order of the Insurance Commissioner (Commissioner) which revoked Donald Tsolo's (petitioner) license to conduct the business of insurance in Pennsylvania, and ordered petitioner to pay a civil penalty of $10,000. We affirm.

Pursuant to a hearing, the Commissioner made the following findings. Petitioner was licensed as an agent for the American Republic Company for life, accident, and health insurance. Petitioner was licensed as an agent with Prudential Property and Casualty Company for property and casualty insurance from January 26, 1984 until January 9, 1987. On January 9, 1987, the Insurance Department (Department) terminated petitioner's license to write property and casualty insurance upon having been notified by Prudential that petitioner's license with the company as an agent had been terminated. The Commissioner found that petitioner was not aware of this termination by the Department until May, 1987, but that he was not licensed to write automobile insurance after January 9, 1987.

In 1986, petitioner organized a company known as Philadelphia Motors Owners Mutual (MOM), a customary motor club providing members with a minimum insurance program upon payment of a membership fee of $500, and an annual premium of $800. Life, health, and disability benefits were to be insured through the American Life Insurance Company upon payment of a $50 membership fee.

Between January 9, 1987 and April 22, 1987, petitioner submitted eighty-nine insurance applications to the Assigned Risk Plan (Plan), an association of automobile insurers who, upon payment of a premium, assign insurance applications to automobile insurers for applicants who have been unable to purchase insurance in the voluntary market. In a number of the submitted applications, premium payments were in the form of checks drawn on MOM's account, as well as money orders purchased by the petitioner.

The Department contended that petitioner had committed numerous violations by engaging in unlawful activities on behalf of MOM, an unlicensed insurance company, misrepresenting to applicants that upon payment of the premium they were insured by MOM.

The Commissioner found petitioner's testimony incredible, and found that he intended to deceive the applicants, misrepresenting the terms of the policy. Additionally, petition-

er violated section 638 of the Unfair Insurance Practices Act, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 278, which prohibits misrepresentations for the purpose of inducing the policyholder to allow an existing policy to lapse in favor of a policy with another company insuring against similar risks. The Commissioner found such actions violated sections 5(a)(2) and 5(a)(12) of the Unfair Insurance Practices Act, Act of July 6, 1984, P.L. 605, *as amended,* 40 P.S. §§ 1171.5(a)(2) and 1171.5(a)(12), which prohibit untrue statements with respect to the insurance business.

The Commissioner found that petitioner solicited applications personally and by published advertisements, collected payments and offered to procure automobile insurance policies on behalf of MOM, a non-existent entity, all of which is prohibited by the Insurance Department Act.

The petitioner does not dispute that he was unlicensed when he submitted the applications to the Plan. However, he contends that the failure of the Department to notify him of his casualty license termination violated due process so that he should not be penalized for writing the policies.

The notion of fairness and the due process rights of a litigant in administrative hearings must be considered. *Bruteyn v. State Dental Council and Examining Board,* 32 Pa.Commonwealth Ct. 541, 380 A.2d 497 (1977). Thus, any adjudication involving the termination of the right to write insurance, as a property right, must be accompanied by the due process rights outlined in section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504. These rights include reasonable notice of a hearing and an opportunity to be heard. The agency should incorporate into its adjudication all findings necessary to resolve the relevant issues presented.

It was not the action of the state that deprived the petitioner of his property right to write insurance. It was the action of the insurance company. Petitioner admits that

he was aware of this action by the company, but nevertheless he continued to write policies for a non-existent company. The Commissioner's findings indicate that the petitioner intended to deceive insurance applicants. Petitioner's procedural due process rights were adequately protected. Our review of the evidence, including petitioner's admission, substantially supports the Commissioner's findings of fact and conclusions of law.

■ Section 639 of the Insurance Department Act, 40 P.S. § 279, gives the Commissioner discretion in imposing a civil penalty of not more than $1000 for each and every act in violation of any section of the Insurance Department Act. The imposition of a $1000 penalty for each of the many acts of violation is not an abuse of this discretion. This court concludes that there was a reasonable and rational basis for this penalty.

Accordingly, we affirm.

## ORDER

NOW, July 24, 1989, the order of the Insurance Commissioner, Docket No. P–87–418, is affirmed.