The order entering summary judgment is affirmed.

**CITY OF PHILADELPHIA, BOARD OF LICENSE & INSPECTION REVIEW**

v.

**2600 LEWIS, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1995.

Decided June 15, 1995.

Reargument Denied Aug. 4, 1995.

Richard L. Hahn, for appellant.

John J. Gambescia, Asst. City Sol., for appellee.

Before PELLEGRINI and KELLEY, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

2600 Lewis, Inc. (Licensee) appeals a decision of the Court of Common Pleas of Philadelphia County (trial court) sustaining the revocation of Licensee's Business Privilege License and Preparing and Serving Food License by the Department of Licenses and Inspections (Department).

On March 10, 1993, the City of Philadelphia (City) notified Licensee in a letter that it had failed to pay its city taxes. This letter further stated that:

> The City of Philadelphia wishes to amicably resolve this matter, so we will give you fifteen (15) days to contact this office before legal action is initiated against you. Failure to respond to this notice may result in revocation of all City licenses. Thereafter the Liquor Control Board will be notified accordingly.

Licensee did not respond to this letter, and the Department was directed to revoke its Business Privilege and Preparing and Serving Food Licenses. Licensee was informed by a letter dated April 28, 1993, that these licenses had been revoked.[1] The letter further informed Licensee that it was entitled to file an appeal from this revocation with the Board of License & Inspection Review (Board) within thirty days of the date of the letter.

Licensee filed its appeal with the Board on May 17, 1993. After an initial hearing before the Board on June 15, 1993, the matter was continued for another hearing on August 31, 1993. The Board affirmed the actions of the Department. Licensee appealed to the trial court, contending that it was denied due process of law, and that the City did not have the authority to revoke its Preparing and Serving Food License. While finding that Licensee did not receive due process because a pre-revocation hearing was not held, the trial court understandably found that a nunc pro tunc hearing would do no good because

---

1. Under Section 19–2602(4)(a) of the Philadelphia Code, a business licensee must pay all taxes as a condition of the retention of its business privilege license.

Licensee had received a full blown post-revocation hearing before the Board and affirmed the decision of the Board. The instant appeal by Licensee follows.

■ Section 553 of the Local Agency Law, 2 Pa.C.S. § 553, provides that:

No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.

The requirement of notice and an opportunity to be heard applies whenever a local agency renders a final decision affecting personal or property rights. *See Ambron v. Philadelphia Civil Service Commission*, 54 Pa.Commonwealth Ct. 488, 422 A.2d 225 (1980). Government licenses to engage in a business or occupation create an entitlement to partake of a profitable activity, and therefore, are property rights. *Young J. Lee, Inc. v. Department of Revenue, Bureau of State Lotteries*, 504 Pa. 367, 474 A.2d 266 (1983). Consequently, in order for a local agency to revoke a business privilege license, it must provide the licensee with notice of the pending revocation and an opportunity to be heard on that revocation. *Id.; see also Tsolo v. Foster*, 127 Pa.Commonwealth Ct. 335, 561 A.2d 861 (1989) (holding that terminating right to write insurance must be preceded by notice and opportunity to be heard); *Kobylski v. Commonwealth, Milk Marketing Board*, 101 Pa.Commonwealth Ct. 155, 516 A.2d 75 (1986) (holding that due process was met by mailing of notice of milk license revocation to licensee's last known address).

■ Licensee is not contending that it never received notice or an opportunity to be heard regarding the revocation of its licenses. Rather, Licensee contends, it received notice of the revocation only after it had occurred and did not receive a requested hearing in a timely manner. Licensee contends that this procedure denied it due process of law.

As to when a local agency must provide a licensee with notice and an opportunity to be heard regarding a license revocation, our Supreme Court has stated that:

While the deprivation of property rights without prior notice and hearing has occasionally been upheld by the [United States] Supreme Court, the preference is clearly in favor of such prior hearing in the absence of extenuating private or public interests of overriding significance. [Citations omitted].

*Young J. Lee, Inc. v. Dept. of Revenue, Bureau of State Lotteries*, 504 Pa. 367, 376, 474 A.2d 266, 270 (1983). Moreover, even if an overriding public interest exists to justify the revocation of a license prior to providing the licensee with a hearing, a prompt post-revocation hearing must be provided to the licensee, and a prompt final adjudication must be rendered by the local agency. *Barry v. Barchi*, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979) (holding that no time specification for post-revocation hearing and requirement that Board issue final adjudication within thirty days constitutionally insufficient); *Lee v. Bureau of State Lotteries*, 89 Pa.Commonwealth Ct. 213, 492 A.2d 451 (1985), *petition for allowance of appeal denied*, 517 Pa. 626, 538 A.2d 878 (1988) (decision on remand from Supreme Court).

■ In the present case, Licensee was notified on April 28, 1993, after the revocation had occurred, that its Business Privilege and Food Preparing and Serving Licenses had been revoked and that it could file an appeal with the Board within thirty days. Licensee was not, however, provided with a pre-revocation notice [2] or a pre-revocation hearing. Moreover, even if there existed an overriding public or private interest warranting the revocation of Licensee's licenses prior to providing it with notice and an opportunity to be heard, the hearing eventually provided to Licensee and the final adjudication of the

---

**2.** The City contends that Licensee was provided with a pre-revocation notice when it received the March 10, 1993 letter indicating that it was delinquent in paying taxes and that failure to respond to the letter "may result in revocation of all City licenses." This letter did not adequately advise Licensee that the City was, in fact, going to revoke its licenses, and it did not afford Licensee with an opportunity to present its objections to the revocation. *See Milford Township Board of Supervisors v. Dept. of Environmental Resources*, 165 Pa.Commonwealth Ct. 14, 644 A.2d 217 (1994).

Board were not sufficiently prompt to satisfy due process requirements.[3]

However, because Licensee did receive a full hearing before the Board with sufficient notice and an opportunity to be heard, we are faced with the same quandary as the trial court regarding what remedy Licensee can receive because of the Department's failure to afford it due process through a pre-revocation hearing. A remand for written notice and a hearing before the Department, followed by a hearing before the Board, would not only seem pointless, but also, would emphasize form over substance. On the other hand, were we to hold that a post-revocation hearing satisfies due process requirements and refuse to remand the matter, then there would be no reason for the Department, knowing that procedural defects will be held to be cured by a later hearing, to change its practice and offer those whose licenses are to be revoked a pre-revocation hearing.

 In analogous cases, we have held that a later hearing does not cure prior, defective proceedings. *Civil Service Commission of Sewickley Borough v. Goldman*, 153 Pa.Commonwealth Ct. 463, 621 A.2d 1142 (1993); *but see Locy v. Commonwealth, Pennsylvania Liquor Control Board*, 125 Pa.Commonwealth Ct. 481, 557 A.2d 1164, *petition for allowance of appeal denied*, 522 Pa. 621, 563 A.2d 889 (1989). We have also held that a remand is necessary where a hearing was defective to ensure the integrity of the administrative process. *Roth v. Borough of Verona*, 102 Pa.Commonwealth Ct. 550, 519 A.2d 537 (1986); *See also, Lee v. Bureau of State Lotteries*, 89 Pa.Commonwealth Ct. 213, 492 A.2d 451 (1985), *petition for allowance of appeal denied*, 517 Pa. 626, 538 A.2d 878 (1988). Deferring to those cases, we believe that we must order a remand, because without one, there would be no remedy and, therefore, no reason for the Department to provide licensees with due process prior to revoking their licenses.

Because Licensee was denied due process, we vacate the decision of the Board, as well as the trial court's affirmance thereof, and remand the case solely to provide a proper hearing before the Department.

### ORDER

AND NOW, this 15th day of June, 1995, the order of the Court of Common Pleas of Philadelphia County at No. 9309–1934, dated November 18, 1994, is vacated, and the matter is remanded for proceedings not inconsistent with this opinion. Pending a pre-termination hearing, the licenses are reinstated.

Jurisdiction relinquished.

---

**3.** Licensee also contends that, although the City did have the authority to revoke its Business Privilege License for nonpayment of taxes, it did not have the authority to revoke its Food Prepar-ing and Serving License. Given that the City's actions in revoking the licenses must be reversed because Licensee was not provided with sufficient due process, we need not address this issue.