JIMMY'S GERMANTOWN PLACE, INC., Appellant

v.

CITY OF PHILADELPHIA, Department of Licenses and Inspection.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 20, 2004.

Decided Dec. 6, 2004.

Rehearing Denied Feb. 3, 2005.

John J. McCreesh, IV, Upper Darby, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Jimmy's Germantown Place, Inc. (Licensee) appeals from an order of the Court of Common Pleas of Philadelphia County (Trial Court) which denied as moot Licensee's Emergency Petition for a preliminary injunction and temporary restraining order. We vacate the Trial Court's order, remand for a pre-deprivation hearing, and reinstate Licensee's business privilege license.

Licensee operates a delicatessen located at 3509 Germantown Avenue, Philadelphia, Pennsylvania. On the afternoon of March 28, 2003, representatives of the Philadelphia Department of Licenses and Inspections (the Department), accompanied by members of the Philadelphia Police Department, visited Licensee's place of business and served thereon a Site Violation. That Site Violation additionally purported to order Licensee to immediately cease all work and operations at the premises, and further ordered the immediate vacation of those premises by all occupants. The Site Violation further purported to revoke Licensee's business privilege license for the stated grounds of "Public Nuisance", with no further specification or explanation thereof, apparently citing to Section 19–2602 of the Philadelphia Code.[1] Repro-

---

1. Section 19–2602 of the Philadelphia Code states, in relevant part:

   (4) Every person required to procure a license under this Section shall as a condi-

tion to the receipt or retention of the license:

\* \* \*

(d) refrain from causing or permitting an

duced Record (R.R.) at 19a. The Site Violation also noted that Licensee could appeal to the Department's Review Board (Board) as a corrective action to "remove" the revocation. *Id.*

On April 1, 2003, Licensee filed in the Trial Court its Emergency Petition seeking a preliminary injunction and/or temporary restraining order and/or mandatory injunction, alleging in material part that the Department had deprived Licensee of its protected property interest—namely, its business privilege license—without due process of law. On April 2, 2003, the Trial Court heard argument thereon in chambers, without receiving any testimony. On April 4, 2003, the Trial Court filed an order denying Licensee's Petition.

On April 8, 2003, Licensee notified the Trial Court of its intention to appeal the Trial Court's order to this Court. Thereafter, Licensee submitted to the Trial Court its Statement of Matters Complained Of On Appeal pursuant to Pa. R.A.P.1925(b), and the Trial Court thereafter issued an opinion in support of its prior order. In that opinion, dated May 19, 2003, the Trial Court noted that Licensee had received a hearing before the Board on April 15, 2003, and concluded that said Board hearing was an adequate remedy at law and therefore did not entitle Licensee to the equitable relief it had sought.

Licensee now appeals the Trial Court's order to this Court. We note that the Department has chosen not to file a brief with this Court in this matter, and accordingly, by our order dated August 10, 2004, the Department was precluded from filing a brief herein.

Licensee presents three related arguments in the matter *sub judice:* 1.) that the Department cannot revoke its license to operate a business without the procedural due process accorded to that protected interest under the Pennsylvania and United States Constitutions; 2.) that the Department failed to comply with Section 553 of the Local Agency Law, 2 Pa.C.S. § 553,[2] and; 3.) that the Department's immediate revocation, without the provision of a statement of the reasons why such immediate action was required, violated Section 9–103 of the Philadelphia City Code.[3]

██ It is axiomatic in our Commonwealth that government licenses to engage in a business create an entitlement to partake of a profitable activity, and hence, such a license constitutes a property right. *Young J. Lee, Inc. v. Department of Revenue,* 504 Pa. 367, 474 A.2d 266 (1983). Accordingly, this Court has held that the

---

owner or occupier to cause a public or private nuisance, either directly or indirectly, or by permitting third persons or conditions to do so when such nuisances may be minimized or prevented by reasonable measures.

2. Section 553 states in pertinent part that "[n]o adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and opportunity to be heard."

3. Section 9–103 of the Philadelphia City Code provides, in relevant part:
    Enforcement and Appeals.
      (1) No agency shall prosecute for or abate any violation of the conditions of any

license or revoke any license or permit until the agency has served written notice of the alleged violation upon the holder of the license and afforded him an opportunity to show or achieve compliance with all lawful requirements; except where the agency finds that public health, safety, morals or welfare requires immediate action. In cases in which public health, safety, morals or welfare requires immediate action, any order other than the above-mentioned notice of violation shall contain a statement of the reasons why the public health, safety, morals or welfare required immediate action.

Department must, as a prerequisite to its revocation of a business privilege license, provide the licensee with notice of the pending revocation and an opportunity to be heard on that revocation. *City of Philadelphia, Board of License and Inspection Review v. 2600 Lewis, Inc.*, 661 A.2d 20 (Pa.Cmwlth.1995). Given that the Department has a repeated history before this Court of addressing its actions in revoking licenses without affording the pre-revocation notice and opportunity that our Courts have clearly held are required, we are certain that the Department is aware of the further guidance offered by our Supreme Court as to when the Department must provide a licensee with such notice and opportunity to be heard prior to a revocation:

> While the deprivation of property rights without prior notice and hearing has been upheld by the [United States] Supreme Court, **the preference is clearly in favor of such prior hearing in the absence of extenuating private or public interests of overriding significance.**

*2600 Lewis, Inc.*, 661 A.2d at 22 (citing *Young J. Lee, Inc.*, 504 Pa. at 376, 474 A.2d at 270). We further note that the Department's revocation actions are to be further guided by the unambiguous mandate of Section 9–103 of the Philadelphia City Code, which states that:

> In cases in which public health, safety, morals or welfare requires immediate action, any order ... **shall contain a statement of the reasons why the public health, safety, morals or welfare required immediate action.**

(emphasis provided).

■ Turning to the instant facts, there is no dispute that the Department revoked Licensee's license without any prior notice, and without any opportunity for Licensee to be heard prior to the revocation. Under our clear precedents and the Philadelphia City Code, Licensee's due process rights were therefore violated unless the Department could show that its immediate revocation was required by the public's needs for health, safety, morals or welfare, and further show that said justifications on behalf of the public's needs were stated. *2600 Lewis, Inc.*; Section 9–103 of the Philadelphia City Code.

■ While the Department has deigned not to offer to this Court any argument in this matter, the record does contain the Department's Memorandum of Law submitted to the Trial Court in opposition to Licensee's Petition. In its Memorandum, the Department concedes that it did not state any specific crimes or other violations that created the public nuisance that the Department alleges justified its immediate revocation. Department's Memorandum, R.R. at 22a. Although not directly addressing the requirement of Section 9–103's clear and express mandate that an immediate revocation order "contain a statement of the reasons why the public health, safety, morals or welfare required immediate action",[4] the Department implies in its Memorandum that the Site Violation itself satisfied this mandate by stating that Licensee's premises constituted a "Public Nuisance". Notwithstanding the Department's failure to cite to any legal authority for the immediate revocation of a business license on public nuisance grounds, this implication by the Department clearly must fail on its face. A

4. We note the clear distinction between a "notice of violation" and a "revocation order" inherent in the language of Section 9–103. Although in the instant matter the Department ordered the immediate revocation on the actual violation notice, the incorporation of that order into the violation notice subjects the combined violation notice/revocation order to Section 9–103's mandate.

vague general assertion of a public nuisance does not even address—yet alone assert—any immediacy in the need for revocation, nor does it address or assert any impact that said alleged public nuisance may have on the public's health, safety, morals or welfare. As such, we hold that an undeveloped, unsupported general assertion that a licensee's business constitutes a public nuisance is insufficient on its face to satisfy Section 9–103's mandate in regards to immediate revocation orders.

In its Memorandum, the Department further argues that Licensee had actual notice of its intention to revoke its license—and impliedly, satisfied the due process notice requirements—in the form of testimony proffered by the Department from Sgt. Thomas Winkis of the Philadelphia Police. The Department alleges that Sgt. Winkis would personally testify that he warned Licensee that it would lose its license if it did not "clean up [its] act." R.R. at 22a. Astoundingly, the Department appears to be asserting that such a statement made by a police officer satisfies the specificity required of due process in notifying a licensee of the Department's intention to revoke a business license in the face of an alleged public nuisance.

Regardless of the semantic reality that a directive to "clean up [its] act" provides to a licensee absolutely no guidance, express or implied, as to what precisely is to be cleaned up, or what precisely such cleaning entails, this vaguely advanced statement utterly fails on its face to satisfy due process notice requirements under our precedents. *2600 Lewis, Inc.* (Department letter to a licensee, 12 days before actual revocation, stating that licensee was delinquent in paying its taxes and that failure to respond to the letter "may result in revocation of all City licenses", held to be inadequate to notify licensee that City was

as a matter of fact going to so revoke said licenses). As such, the Department's implied argument on this issue is completely and totally devoid of merit.

We further note that the Department repeats, yet completely fails to support, its foundational assertions that Licensee's alleged public nuisance constituted such a grave threat to the public's health, safety, morals or welfare, as to warrant an immediate revocation without a pre-revocation hearing. However, the very proffer by the Department of Sgt. Winkis's proposed testimony as its strongest justification for an immediate revocation without a prior hearing contradicts this. That proffered testimony, even when coupled with the Department's unspecified alleged history of Licensee's public nuisance, clearly shows that the Department waited, at a minimum, a month from Sgt. Winkis's last visit to Licensee's premises to revoke the license at issue. Such a lack of immediacy, even if coupled with the Department's unsupported and unspecified allegations of a history of "years of community complaints and Police interventions for crimes" in connection with Licensee's premises, contradicts the Department's assertions that an immediate revocation was warranted. Simply put, if the Department could wait years or even a month to revoke the license at issue on these grounds, then no immediacy exists sufficient to justify a denial of the due process requirements afforded to Licensee.

We are compelled to address the Department's perception of its due process requirements under the laws of this Commonwealth, a perception rendered disingenuous, and incomprehensible to this Court, in light of the Department's history of unconstitutional revocations in cases heard hereby. It its Memorandum, the Department plainly states that "[w]hile we might agree that it would be preferable for

the Department to re-state the specific crimes and other violations creating the public nuisance, **adding such a specific listing is not required by due process.**" R.R. at 22a (emphasis provided). The Department, however, makes this baldy incorrect statement of due process and Section 9–103 requirements despite the fact that the Department itself has been expressly and repeatedly informed of said requirements—and more importantly, of the Department's very own repeated failures to satisfy revocation requirements in cases before our Courts.

In *2600 Lewis, Inc.*, this Court held that the Department had failed to satisfy the due process requirements in a revocation where, as here, the Department had failed to sufficiently notify a licensee prior to revocation, and had failed to provide that licensee with a pre-revocation hearing. Notwithstanding the fact that *2600 Lewis, Inc* dealt with a delinquent taxpayer facing revocation, the facts of the matter *sub judice* clearly fall below the acceptable due process threshold that the Department was held to fail to satisfy in that precedent.

In *Charlie's Dream, Inc. v. City of Philadelphia*, 30 F.Supp.2d 865 (E.D.Pa.1998), the Department's failure to provide a licensee with the procedural due process protection afforded thereto was a tangential issue where the Department again failed to provide the licensee with pre-revocation notice or hearing.[5]  Again, the Department, at a minimum, had its revocation actions addressed in another situation where the Department chose not to accord a licensee any notice or opportunity to be heard prior to a revocation.

In *Yorkwood, L.P. v. Kee Corp.*, —— Phila. ——, 2004 WL 960012 (No. 1703 Nov. Term 2002, C.P. Pa., filed April 13, 2004), the Department's actions were again addressed in the wake of yet another license revocation in which a licensee was not afforded any pre-revocation notice or opportunity to be heard.  Although *Yorkwood* centered around a summary judgment issue in relation to two private parties' dispute over a real estate sales agreement, the Common Pleas Court of Philadelphia County addressed the Department's continuing due process failures, and the Department's growing history of disregard for the laws of this Commonwealth, writing:

> [T]his Court believes that [the Department]'s [license revocation] decision was made in complete disregard of, and contrary to, Pennsylvania law on abandonment.

\* \* \*

> The Court is dismayed by the summary manner [by which the Department] revoked the Permit.  [The Department] revoked the Permit without affording the parties the benefit of a hearing, before or after, wherein the merits of the abandonment claim could have been fully and fairly addressed.  "The requirement of notice and an opportunity to be heard applies whenever a local agency renders a final decision affecting person-

---

5.  In *Charlie's Dream, Inc.*, the United States District Court of the Eastern District of the United States denied a motion for summary judgment where genuine issues of material fact were found in relation to post-deprivation proceedings.  We note that *Charlie's Dream, Inc.* involved a licensee's action against the City of Philadelphia and the Department alleging, *inter alia*, a violation of the licensee's substantive and procedural due process rights under both the Pennsylvania and United States Constitutions, and which sought damages for those violations pursuant to 42 U.S.C. § 1983.  We further note that Licensee has not, in the instant matter, yet brought any § 1983 actions against the Department for its clear and flagrant violations of Licensee's due process rights as noted in our analysis herein.

al or property rights." ... The Court cannot fathom how [the Department] could have reached its decision without providing an opportunity for the parties involved to present objections.

*Yorkwood,* slip op. at 6, n. 11, —— Phila. at ——, n. 11, 2004 WL 960012.

■ This Court, also, is dismayed by the Department's repeated summary revocations in blatant violation of licensees' procedural due process rights. Given our Courts repeated addresses of the Department's repeated failure to observe these rights, we are constrained to draw only two possible conclusions from the Department's failure in the instant matter in light of the precedents addressing the Department's prior revocations: the Department either executed the instant revocation in violation of Licensee's due process rights after a completely failed, inept, and utterly unacceptable legal analysis of the due process implications and protections that accompany such a revocation—a failed, inept, and unacceptable level of legal analysis, we note, that would unquestionably fail to rise to the lowest acceptable standards of the legal profession, or; the Department's repeated violations of licensees' constitutional rights, including that of Licensee's in this case, have been taken unilaterally with total and intentional disregard for the known state of the law by the Department. We emphasize to the Department, in the strongest possible terms, that its continued actions in flagrantly disregarding the constitutional due process protections of licensees under its jurisdiction will be addressed by this Court in the harshest possible terms, and that further egregious violations will be met by this Court with the harshest of receptions. We further emphasize—again, in the strongest possible terms—that the

Department's repeated flagrant disregard for the state of the law under the Pennsylvania and United States Constitutions will carry with them, as does this instance, potential severe liability for damages incurred by licensees so aggrieved pursuant to 42 U.S.C. § 1983.

Turning to our disposition of the instant matter, we again quote from our opinion in *2600 Lewis, Inc.:*

> In analogous cases, we have held that a later hearing does not cure prior, defective proceedings ... We have also held that a remand is necessary where a hearing was defective to ensure the integrity of the administrative process ... Deferring to those cases, we believe that we must order a remand, because without one, there would be no remedy and, therefore, no reason for the Department to provide licensees with due process prior to revoking their licenses.

*2600 Lewis, Inc.,* 661 A.2d at 23 (citations omitted). We strongly urge the Department to scrutinize our holding in *2600 Lewis, Inc.,* and to further scrutinize our holding and disposition in the matter *sub judice.* Further, we remind the Department that, notwithstanding its apparent posture that due process protections are inapplicable to its actions, any additional flagrant violations of the due process protections afforded to licensees under the Department's jurisdiction will be similarly addressed hereby, and the implicated constitutional rights will be fiercely protected by this Court.

Because Licensee in the instant matter was unquestionably denied due process in a most egregious manner, we will answer Licensee's call to the equitable powers of our Courts: we vacate the Trial Court's decision and order, and remand this mat-

ter to the trial Court with instructions for remand to the Department solely for the purpose of providing Licensee with proper pre-revocation notice and a concomitant opportunity to be heard. *2600 Lewis, Inc.* (where licensee was denied due process by Department's revocation, Board decision and trial court affirmance thereof vacated, and case remanded for pre-revocation hearing before the Department.) Pending said ordered pre-revocation hearing, Licensee's license is reinstated. *Id.*

### ORDER

AND NOW, this 6th day of December, 2004, the order of the Court of Common Pleas of Philadelphia County, dated April 3, 2003 at No. 4767, March Term, 2003, is vacated. This matter is remanded to the Court of Common Pleas with instructions for further remand to the City of Philadelphia, Department of Licenses and Inspection, solely for the purpose of providing Appellant Jimmy's Germantown Place, Inc., with proper pre-revocation notice and concomitant opportunity to be heard, in accordance with the foregoing opinion. Pending the completion of said pre-revocation notice and hearing, the license of Appellant Jimmy's Germantown Place, Inc., is reinstated.

Jurisdiction relinquished.